## Case No. 17,630.

### WIGHTMAN v. PROVIDENCE.

#### [1 Cliff. 524.] 1

Circuit Court, D. Rhode Island.     June Term, 1860.

EXCESSIVE DAMAGES—PERSONAL INJURIES—PROVINCE OF JURY—ELEMENTS OF COMPUTATION—IMPROPER ARGUMENTS.

1. Courts are reluctant to interfere with the verdict of a jury on the ground of excessive damages, in cases, such as an action against a town for damages received in consequence of a defective highway,—because the law affords no definite rule by which the precise compensation for the injury can be ascertained.

[Cited in Hunt v. Pooke, Case No. 6,895.]

2. The rule goes no further than to point out the grounds of complaint which may be taken into the account as elements of the computation, and the evidence that may be introduced to support the claim, and then the estimation of the amount of the damages is necessarily left to the jury.

3. The court will not interfere, except when the verdict is so large as to show that it was perverse, or the result of gross error, or that the jury had acted under undue motives or misconception.

4. Where a personal injury is of a character to impair the ability of the person to labor, and especially when it is of a permanent character, it often becomes necessary to inquire into the condition in life and the pursuits of the injured person, in order properly to enable the jury to estimate the damages.

5. Where counsel for the plaintiff, in the closing argument, adverted to facts not in proof, but the remarks were checked by the court, and the jury were instructed to confine their attention to the evidence in the case, the course of the counsel was held not to be sufficient ground for a new trial.

[Cited in Waldron v. Waldron, 156 U. S. 361, 15 Sup. Ct. 388.]

[Cited in Porter v. Choen, 60 Ind. 348.]

This was an action of trespass on the case to recover damages for personal injuries received in consequence of a defect or want of repair of a certain highway in the city of Providence, called "College Street." In the month of February, 1856, as the plaintiff [Daniel Wightman] was walking upon the sidewalk of the street, he fell upon the ice which had there accumulated, injuring his arm and hand, and otherwise causing him severe pain and suffering. The nature and extent of the injury, the character of the street, and the consequences to the plaintiff, are detailed sufficiently in the opinion of the court. The action, according to the Rhode Island statute, was brought against the city treasurer. The jury returned a verdict for plaintiff in the sum of four thousand dollars. Defendants moved for a new trial upon the following grounds: First, because the damages assessed by the jury were excessive and unreasonable; second, because the verdict was against the evidence, and the weight of the evidence submitted to the jury; third, because the counsel for plaintiff, in his closing argument, stated facts

---

1 [Reported by William Henry Clifford, Esq., and here reprinted by permission.]

to the jury not proved by any testimony, and argued upon the basis of those statements. It was admitted that the street in question was a public highway.

J. M. Blake and C. H. Parkhurst, for plaintiff.

The rule of law is clear that the court will not set aside a verdict on the ground of excessive damages in a case of tort, unless the court can clearly see that the jury have committed some very gross and palpable error, or have acted under some improper bias, influence, or prejudice, or have totally mistaken the rules of law by which the damages are to be regulated. Chambers v. Caulfield, 6 East. 244; Leeman v. Allen, 2 Wils. 160; Huckle v. Money, Id. 205; Creed v. Fisher, 26 Eng. Law & Eq. 384; Whipple v. Cumberland Manuf'g Co. [Case No. 17,516]; Morse v. Auburn & S. R. Co., 10 Barb. 621; Sedg. Dam. (3d Ed.) 642–645, and cases cited. The second ground for the motion is that the verdict is against the evidence and the weight thereof. The court will not set aside a verdict as against evidence or as against the weight of evidence, where the evidence on the side of the verdict, taken by itself, is sufficient to justify the verdict, and there is conflicting evidence. Hepburn v. Dubois, 12 Pet. [37 U. S.] 345; Wilkinson v. Greeley [Case No. 17,671]; Baker v. Briggs, 8 Pick. 122; Derwort v. Loomer, 21 Conn. 245; Wendell v. Safford, 12 N. H. 171, and cases cited; Gould v. White, 26 N. H. 178; Cunningham v. McGoun, 18 Pick. 13; Johnson v. Blanchard, 5 R. I. 24; Glidden v. Dunlap, 28 Me. 379. The third ground for the motion is that the counsel for the plaintiff, in his closing argument for the plaintiff, made statements of fact which were not proved by any testimony submitted in the said case, and argued to the jury upon the basis of such statements. To this statement we have only to say that, if any such statements were made, they were corrected at the time by the counsel for the defendant, and the jury were distinctly charged by the court that they were to confine themselves exclusively to the testimony submitted in the cause, without reference to what was stated by the counsel of either party.

J. M. Clarke, for defendant and appellant.

CLIFFORD, Circuit Justice. Towns are required by law in this state to keep their highways safe and convenient for travellers, and, in case of neglect to fulfil that requirement, they were declared liable "to all persons who may in any wise suffer injury to their persons or property by such neglect." St. R. I. 1844, p. 321. Those provisions extend to cities as well as towns, and include the sidewalks in the city of Providence, as well as that part of the street more particularly designed for carriages and teams, in all cases where the sidewalks have been duly laid out and constructed according to the established regulations upon the subject. St. R. I. 1821, p. 181;

City Ordinances, p. 5S. Whether the obstruction was by snow, ice, or any other material, it was held by the supreme court, in the case of Providence v. Clapp, 17 How. [58 U. S.] 161, to the effect that it was incumbent on those charged with the duty of repairing highways to remove or abate the ·obstructions, so as to render the highway, street, or sidewalk at all times safe and convenient for travellers, regard being had to the locality of the way and its use by the public for the purposes for which it was laid out and constructed. That rule is applicable to this case, as the same statute was in force at the time the of the alleged injury to the plaintiff. At the time the accident occurred the ice was several inches thick on the sidewalk. According to the testimony of the plaintiff, the street at the place where he was injured had no curbstones, and the ice extended over all the sidewalk and across the street. That there was ice upon the sidewalk was not controverted by the defendants, but they attempted to prove that it had been rendered safe and convenient for travel by sprinkling ashes or sand upon the surface of the ice; and they proved that persons had been designated by the proper authority, whose duty it was to remedy the difficulty by such means, as often as it occurred. But the testimony introduced by the plaintiff tended to show that ·the duty had been neglected, or that the work had been so imperfectly done as not to accomplish the object. Snow had fallen ·that morning to the depth of an inch or two, and the testimony introduced by the plaintiff was full and satisfactory that the sidewalk where he fell was very slippery. He passed down for some distance on the southerly side of the street, in that part of the same which is designed for carriages and teams. While so passing he met a stranger, who spoke to him and made inquiry for a third person; after answering that inquiry, he stepped on the sidewalk, still pursuing his course down the street. It is a steep street leading into South Main street, and, when within a short distance of the latter street, he slipped and fell, which occasioned the injury described in the declaration. The account of the accident was, that he slipped, and as he fell he caught his hand under him and crushed it very badly; another witness, who was present at the time of the accident, says he slipped, and as he fell he threw out his hand to save himself, and, when the witness lifted him up, he complained of his wrist and of being badly sprained in his body. Injury was done to the wrist, but the bones of the wrist were not broken. As described by the medical witnesses, the bones of the hand were driven past the bones of the wrist or forearm, and two of the bones of the hand were broken. For a week or more he was confined to his room, and it was five or six months before he could feed or dress himself. He was a deputy sheriff, and with a business, as he testified, worth nearly a thousand dollars a ¬ear; and it was twelve months before he was able to do much writing; and he also testified that he had not done business since the accident occurred. On re-examination he testified that he experienced severe pain for six or eight months, and that by spells the injury continues to cause pain to the present time. He also introduced evidence showing that the fracture was a bad one, and tending to show that it might occasion a permanent injury. On the other hand, the defendants introduced several witnesses to show that the sidewalk was safe and convenient for travel, and that the earnings of the plaintiff were much less than a thousand dollars a year. During his closing argument, reference was made by the counsel for the plaintiff to certain matters not proved in the case, and in regard to which no testimony had been offered or introduced. Objection was made to that' course of remark by the counsel on the other side, and it was immediately checked by the court, and the jury were instructed to confine their attention exclusively to the evidence in the case. Excessive damages is the next ground of complaint, and the one on which reliance is chiefly placed in support of the motion. Courts of justice are always reluctant to interfere with the verdict of a jury on that ground in cases of this description, for the reason that the law affords no definite rule by which the precise compensation for the injury can be ascertained. Where a party sustains a loss by reason of a breach of contract, he is entitled to a recompense, compensation, or satisfaction equal to the injury actually received by him from the defendant; or, in other words, he will be placed in the same situation with respect to damages, so far as money can do it, as he would have been if the contract had been performed. Injuries to property, also, may oftentimes be estimated with equal exactness; and when unattended by any circumstances recognized by law as matters of aggravation, the rule of damages is compensation, recompense, or satisfaction for the injury received. Certain other actions of tort are necessarily governed by far more indefinite principles. Where the person or character is injured, it is difficult, says Mr. Mayne, if not impossible, to fix any limit; and the verdict, therefore, is generally a resultant of the opposing forces of the counsel on either side, tempered by such moderating remarks as the judge may think the occasion requires. Such cases, however, as the same author well remarks, are not beyond rule, and consequently the finding of the jury is not beyond the control of the court; for if it were not so, then there could be no such thing as a new trial for excessive damages. Mayne, Dam. p. 34. New trials may, and often are, granted for that cause, but the difference between the one and the other class of cases arises chiefly out of the fact that in cases of this description no rule can be applied to the facts so accurately as to make the amount a mere matter of calculation. Hence the rule goes no further than to point out the grounds of complaint which

may be taken into the account as elements of computation, and the evidence that may be introduced to support the claim; and when that is done, the estimation of the amount of the damages is necessarily left to the jury. They are to weigh the evidence and estimate the loss to the plaintiff; and inasmuch as there are no definite means of calculation by which the amount can be precisely ascertained, courts of justice will not grant a new trial except when the verdict is so large as to satisfy the court that it was perverse, or the result of gross error, or that the jury have acted under the influence of undue motives or misconception. Gough v. Farr, 1 Younge & J. 477. Bodily pain and suffering, in cases of this description, are part and parcel of the actual injury, for which the plaintiff is as much entitled to compensation as for loss of time or the actual outlay of money for nursing and medical attendance. Damages for bodily pain and suffering arising from physical injury, and connected with loss of time or diminished ability to labor as the direct consequence of the injury, are not exemplary or punitory in their character in any proper sense of those terms, but are the legitimate ground of damage in all cases of this description; and yet it is difficult, if not impossible, to prescribe any very definite rule by which the jury are to be governed in estimating the amount to be allowed for that cause. Successive actions may sometimes be brought for a continued wrong, as in the case of a continued trespass on land, and in all such cases the damages are limited to those sustained by the plaintiff at the commencement of the action on trial. But where, as in this case, the suit is for an injury to the person from a single act, one action only can be brought, and consequently there can be but one assessment of damages. For that reason the jury are allowed, and it is their duty in case there is satisfactory proof that the injury is a permanent one, to take into consideration the future consequences to the plaintiff so far as respects loss of time, bodily pain and suffering, and inability to labor, or to pursue his usual avocations. Unless it were so, it might, and often would, happen that the plaintiff would be deprived of the larger portion of the compensation to which he was justly entitled, and the damages as found by the jury would be greatly inadequate to compensate him for the injury sustained. Caldwell v. Murphy, 1 Kern [11 N. Y.] 416; Id., 1 Duer, 233.

When a personal injury is of a character to impair the ability of the injured party to labor, and especially when it is of a permanent character, it often becomes necessary to inquire into the condition in life of the injured party, and also into the nature and character of his pursuits, in order that the jury may determine what the damage is from loss of time which he has received. Like injuries are supposed to occasion like bodily pain and suffering, irrespective of the condition of the injured party, but when the injury extends to loss of time or inability to labor, the law properly recognizes the well-known fact that the services of one will command and deserve higher compensation than those of another, and consequently allows the estimation of loss to be made according to the fact as proved by the evidence in the case. All, or nearly all, of those grounds of damage require the exercise of judgment and sound discretion on the part of the jury, and some of them are not of a character to admit of any very definite rule in making the estimate; and it is for that reason that courts of justice are reluctant to interfere with the finding of the jury. A verdict therefore may be larger than the court would have found, and yet it may furnish no satisfactory reason for a new trial; more than that must be shown by the defendant before the court will disturb the verdict. Gilbert v. Burtenshaw, Cowp. 230, 1 Grah. & W. New Tr. 415.

Mere excess of damages beyond what the court would have found is not sufficient to support the motion, unless it be so great, after making all due allowance for difference of judgment, as to satisfy the court that the jury were actuated by passion or some undue motive, or that the verdict was the result of some gross error or misconception. Applying these principles to the present case, it is obvious what the result must be. It may well be admitted that the verdict is for a larger sum than I would have found upon the evidence; but the excess is not so great as to justify me in disturbing the verdict.

In the second place, it is insisted that the verdict is against the evidence introduced to the jury. Such motions are frequently made and seldom sustained, and it is quite certain, in the present case, that the motion is without merit. Some discrepancy existed in the testimony as to the state of the street, but the weight of the evidence clearly showed that it was in an unsafe condition for travel, and had been so for some considerable time.

One or two observations respecting the third ground of complaint will be sufficient. Certain facts were adverted to by the counsel for the plaintiff which were not in proof. But the counsel was immediately checked by the court, and the jury were expressly instructed to confine their attention to the evidence in the case. In view of the whole case, I am of the opinion that the motion for a new trial must be overruled, and there must be judgment on the verdict.