STANLEY  W.  HUBBARD

*vs.*

MARINE  HARDWARE  AND  EQUIPMENT  COMPANY.

Cumberland.    Opinion May 28, 1909.

*Verdict.   Motion for New Trial.   Death of Plaintiff Pending the Motion.
No Reduction of Verdict in Such Case.*

A motion for a new trial on the ground that the verdict is against the evidence will not be granted where the evidence is conflicting and it does not appear that the verdict is clearly wrong.

Where, in an action for tort for personal injuries, the verdict manifestly includes damages for impairment of the future earning capacity of the plaintiff and pending the motion of the defendant for a new trial on the ground that the verdict is against the evidence, the plaintiff dies, the Law Court has no power to reduce the verdict.

Nor, in such case, such motion being denied, can the Law Court order a new trial because of the death of the plaintiff pending the motion.

On motion by defendant.    Overruled.

Action on the case to recover damages for personal injuries received by the plaintiff while employed by the defendant in the

operation of a drop hammer and which injuries resulted in the loss
of the plaintiff's right hand.    Plea, the general issue.

The plaintiff recovered a verdict for $3383.00 and thereupon the
defendant filed a general motion for a new trial.

The case is stated in the opinion.

*Foster & Foster*, for plaintiff.

*Forest Goodwin*, for defendant.

Sitting:    Emery, C. J., Whitehouse, Savage, Peabody, Spear,
Bird, JJ.

Bird, J.    This action was brought by the plaintiff to recover
damages for the loss of his right hand while employed by defendant
in the operation of a drop hammer.    The action is based upon the
alleged negligence of defendant in carelessly allowing the hammer
to become defective and out of repair.    The defense was contribu-
tory negligence and assumption of the risk by plaintiff.·    The case
is before this court on motion for new trial upon the usual grounds.
The charge of the Justice presiding at the trial is not made part of
the record.    Upon all the issues the evidence was conflicting and
careful and repeated reading of the record fails to impress the court
that the jury, in reaching its verdict, acted under misapprehension
or with prejudice or passion and that its verdict is indisputably
wrong.    The motion for new trial must be denied.

The defendant alleges in his brief that since, and but shortly
after, the rendition of verdict the plaintiff died.    His death evi-
dently occurred subsequently to the filing of the motion for new
trial.    The defendant, admitting that at the time verdict was
rendered the damages were not excessive, contends that the element
of loss arising from diminished earning capacity of the plaintiff was
removed by his death and, that a motion being now before the Law
Court to set aside the verdict, the court should take cognizance of
the death of plaintiff and reduce the damages accordingly.    The
brief of opposing counsel admits the death of plaintiff since the
verdict but the record is entirely silent upon the subject.

Waiving this, we are unable to find any power lodged in this
court to arbitrarily reduce the verdict.    The verdict is an entire

sum and it is impossible to know what amount was allowed by the jury as damages for reduced future earning capacity. It is sufficient to say that the objection is insuperable that the court in so reducing the verdict would clearly usurp the functions of the jury : *Kinnon* v. *Gilmer*, 131 U. S. 22, 29.

Can a new trial be granted, assuming defendant to ask this? Damages resulting from one and the same cause of action must be assessed and recovered once for all; Pollock on Torts (6th Ed.) 189 ; *Rockland Wat. Co.* v. *Tillson*, 69 Maine, 255, 268, 269 ; S. C., 75 Maine, 170, 182 ; Mayne on Dam. (7th Eng. Ed.) pp 110 et seq. *Wightman* v. *Providence*, 1 Cliff. 524, 525, Fed. Cases 17630, page 1179 ; *Fetter* v. *Beale*, 1 Saelk. 11. We know of no instance of new trial granted for matters occurring subsequently to the verdict save in the case of newly discovered evidence. But in such case no new fact has transpired. The discovery is new but the fact discovered existed before verdict. "A man who has had a verdict for personal injuries cannot bring a fresh action even if he finds that his hurt was graver than he supposed." Pollock on Torts (6th Ed.) 189 : See *Fay* v. *Guynon*, 131 Mass. 31, 35. Both plaintiff and defendant go to the jury upon the facts existing at the time of trial and are bound by the result thereon. The evidence of subsequent events cannot effect the question of damages unless the verdict rendered is set aside and a new trial granted for reasons apparent upon the record or the new discovery of evidence or some infirmity in the proceedings below preceding or attending the rendition of verdict.

The argument from inconvenience is not without grave weight. If a new trial can be granted upon the ground urged by defendant, neither the imposition of double nor treble costs will prevent the taking of frivolous exceptions or motions for new trials intended for delay, in the hope that pending the same the plaintiff may die.

The defendant admits it finds no authorities for its position. We can find no reason consistent with law upon which to establish a precedent.

*Motion overruled.*
*Judgment on the verdict.*