# EDWARD ROOT

*v.*

# PORTO RICO RAILWAY, LIGHT, & POWER COMPANY.

San Juan, Law, No. 944.

ON MOTION FOR NEW TRIAL.

New Trial — Federal Practice.
    1. The right of the Federal court to grant a new trial is independent of the local law, and may take into account error upon the trial, whether excepted to or not.

New Trial — Argument of Counsel.
    2. Misconduct on the part of counsel may entitle the other party to a new trial.

Complaint — Porto Rican Practice.
    3. Under the Porto Rican practice the main facts set out in the complaint must be proved. Common counts are not known.

Argument — Direction by Court.
    4. If misstatements by counsel are corrected in the charge of the court, the error is cured, and new trial will not be granted.

New Trial — Juryman.
    5. The fact that a juryman visited the scene of the accident alone is, if an error, cured by the fact that the whole court and jury afterwards visited the scene together officially.

*Res Ipsa Loquitur* — Pertinency.
    6. Where the evidence is conflicting as to a point which might or. might not invoke the principle of *res ipsa loquitur*, the court may advert to this principle for the purpose of excluding it.

New Trial — Misunderstanding — Charge.
    7. Where the court clearly charges the jury, the court will not assume that the jury believe the charge to mean the opposite of what was said in it.

Opinion filed October 18, 1913.

Root v. Porto Rico R., L. & P. Co.

*Mr. J. H. Brown* for defendant and motion.

*Mr. Jos. Anderson, Jr.,* for plaintiff.

HAMILTON, Judge, delivered the following opinion:

This was a suit at law for personal injuries in which the damages were laid at $10,000, and the jury rendered a verdict for $4,000. A new trial is asked upon the allegation that the plaintiff's counsel, despite the warning of the court, pressed misstatements of fact upon the jury, and that the court misinstructed the jury by reference to a principle which is, it is alleged, not in the case.

1. Federal courts have the power to grant new trials of jury cases for reasons for which new trials have usually been granted in courts of law. Federal Judicial Code, art. 269, being Revised Statutes, § 726, U. S. Comp. Stat. 1901, p. 584. . This rests confessedly on a different principle from that of appeals. The error need not have been called to the attention of the court during the trial, and no objection need have been made. The application is addressed to the sound discretion of the court. Newcomb v. Wood, 97 U. S. 581, 24 L. ed. 1085. A court will not permit injustice to be done by its own act, whether objection was made at the time or not. Pittsburgh, C. & St. L. R. Co. v. Heck, 102 U. S. 120, 26 L. ed. 58. This right is not dependent upon § 914 of the Revised Statutes U. S. Comp. Stat. 1901, p. 684, which provides that proceedings in civil causes shall conform as nearly as may be to those in like causes in the state court. The state law may simplify pleadings and practice, but cannot encumber the administration of the law. The matter

Root v. Porto Rico R., L. & P. Co.

of a new trial is a rule of law in the Federal courts, and not dependent upon local law. Indianapolis & St. L. R. Co. v. Horst, 93 U. S. 291, 300, 23 L. ed. 898, 901, 7 Am. Neg. Cas. 331.

2. One ground of the application for a new trial is that the plaintiff's counsel argued to the jury as his main theory, facts not within the pleadings, alleged that the presentation of certain evidence by the defendant showed bad faith, and otherwise appealed to the prejudices of the jury. There is no question that misconduct on the part of counsel may entitle the other party to a new trial. Justice Brewer, when on the supreme court of Kansas, said in Winter v. Sass, 19 Kan. 556: Whenever "it appears to the court that the jury may have been influenced as to their verdict by such extrinsic matters, however thoughtlessly or innocently uttered, or that the statements were made by counsel in a conscious and defiant disregard of his duty, then the verdict should be set aside." The misstatement of fact alleged in the present case is that it is alleged the plaintiff's counsel changed his view of the case on hearing the evidence from that which he stated in his opening, and argued that one of the hanging wires was broken prior to the accident, while the complaint alleged that it was broken by the plaintiff's contact with it.

3. Unlike at common law, where variations may be proved under the common counts, the Porto Rican practice requires that the main facts set out in the complaint must be proved. Code. Civ. Proc. § 103.

4. In a similar case "certain facts were adverted to by the counsel for the plaintiff, which were not in proof. But the counsel was immediately checked by the court, and the jury

were expressly instructed to confine their attention to the evidence in the case." Wightman v. Providence, 1 Cliff. 524, Fed. Cas. No. 17,630, where Justice Clifford denied a new trial. Similarly in Waldron v. Waldron, 156 U. S. 361, 39 L. ed. 453, 15 Sup. Ct. Rep. 383, it is decided that where a correction is made by the court of erroneous assertions by counsel in argument the error is removed. In the case at bar the court expressly instructed the jury that they must not regard any statement of fact by counsel on either side, and should decide the case only upon the evidence before them, and upon the law given by the court.

The court is clear that, if plaintiff's counsel went beyond the proper bounds of argument, the error was cured by the charge of the court. Certainly it was not called to the attention of the court that the charge was not strong enough, and counsel cannot be permitted to speculate upon the effect of the instruction, and now allege that more should have been said by the court.

5. The fact that one of the jurors visited the scene of the accident, and inspected the place and the arc lamp of the defendant, during the trial, is not material, inasmuch as the jury, judge, and marshal afterwards did the same thing. If this private visit was material, all question was removed by the official visit. The juror could not have seen more at one time than the other.

6. Another ground or new trial set up is that the court erred in referring to the principle of *res ipsa loquitur*. The pertinence of the reference in this case was that there was evidence the plaintiff came in contact with a wire of the defendant left hanging low in the street, and suffered serious injury. This, if the

Root v. Porto Rico R., L. & P. Co.

jury believed there was electricity in the wire at the time, would give room for the application of the principle of *res ipsa loquitur,* that is to say, that the negligence spoke for itself, and the plaintiff asked a charge to this effect. It is true the defendant's evidence was that the wire was not hanging low enough for such contact, and that there was no electricity in the wire, but both theories were supported by evidence before the jury, and a charge could be made upon both aspects. However, the court, after discussing the applicability of the doctrine of *res ipsa loquitur,* expressly said, in view of the conflict of evidence as to facts necessary for its application, that it did not apply to this case.

7. The court is now asked to grant a new trial on the ground that the jury may have thought that it did apply, but there is no merit in instructions at all, if the court is to assume that the jury believed the court to mean the opposite of what it actually said. This would require a new trial in every case. In the court's view the instruction was not misleading and is not ground for a new trial.

The amount of damages need not be discussed, as no error is alleged in this regard.

The application for a new trial is therefore denied.