Sam Sterns vs. Henry Hudson et als.

Penobscot. Opinion March 3, 1915.

*Breach of Warranty. Burden. Damages. Exceptions. "Extra expenses" on Account of Sickness of Horse.*

An action to recover damages for breach of warranty of a horse. Verdict was for plaintiff for $300. Defendant had exceptions to the admission of evidence of extra expenses incurred by the plaintiff on account of a disease which the horse had contracted before the alleged warranty.

*Held:*

1. The evidence offered tending to show loss and damage flowing directly from a breach of warranty is clearly admissible and testimony as to the extra expense incurred by plaintiff in caring for the horse, for medicine, for medical attendance and like expenses, is admissible, and that courts universally so hold.

2. The evidence upon the principal issue was conflicting, which issue was determined under proper instructions in favor of the plaintiff. The burden then changed and it became the duty of the defendant to make it clearly appear that the jury erred.

On motion and exceptions by defendants. Motion and exceptions overruled.

This is an action to recover damages for breach of warranty of a horse. Plea, the general issue. The defendants had exceptions to the admission of certain evidence. The jury returned a verdict for the plaintiff for three hundred dollars ($300.00), and the defendant filed a general motion for a new trial.

The case is stated in the opinion.

*Terence B. Towle,* for plaintiff.

*Hudson & Hudson,* for defendants.

Sitting: Spear, Cornish, Bird, Haley, Hanson, Philbrook, JJ.

Hanson, J. . This is an action to recover damages for breach of warranty of a horse. The jury returned a verdict for the plaintiff in

the sum of $300 and the case is before the court on general motion and exceptions to the ruling of the presiding Justice admitting against objection evidence of expenses incurred by the plaintiff on account of a disease which the horse had contracted before the alleged warranty.

As to the motion. The evidence was conflicting upon the principal issue, which was determined under proper instruction in favor of the plaintiff. The burden then changed and it becomes the duty of the defendant to make it clearly appear that the jury erred. We have examined the record with great care in connection with the briefs of counsel, and we are unable to say that the verdict is clearly wrong.

The exceptions. The evidence introduced under objection related to "extra expenses, caused by the sickness of the horse" and under the ruling admitting the same, many questions were asked eliciting in detail the plaintiff's expenses due to such sickness, the amount of which as found in the special verdict was $50. The defendants have not referred to the exceptions in their brief, but being part of the record we deem the subject of sufficient importance to pass upon the questions raised. The action is for damages claimed to be due to a breach of warranty.

We think that evidence offered tending to show loss and damage flowing directly from a breach of warranty is clearly admissible, and testimony as to the expense incurred by the plaintiff in caring for the horse, for medicine, for medical attendance, and like expenses, is admissible, and that courts universally so hold.

Sedgwick on Damages, 9 Ed., Vol. 2, Sec. 772.

*Peak* v. *Frost*, 162 Mass., 298.

*Heenan* v. *Redman*, 101 Ill., Appeal, 603.

*Cummins* v. *Ennis*, 56 Atlantic Reporter, 377.

The entry will be,

　　　　　　　　　　　　*Motion and exceptions overruled.*