## Albert Dickey *vs.* Frank A. Bartlett.

### Waldo.   Opinion February 16, 1916.

*Evidence.*          *Verdict.*

Action to recover an alleged balance of $80.20 for the labor of the plaintiff and his wife under a contract with the defendant. The defense was that the agreed wages were less than the plaintiff claimed, and that full payment had been made. The verdict was for the amount sued for, and the case comes up on defendant's motion for a new trial.

*Held:*

1.   Where contradictory and irreconcilable testimony has been passed upon by the jury, who had the opportunity of seeing the witnesses as they testified, their conclusion in favor of one of the parties should not be set aside, although it may seem to the court, from an examination of the printed testimony, that an opposite conclusion would have been more justifiable.

2.   The court does not find sufficient proof in the record to satisfy it that the verdict was clearly wrong.

Action of assumpsit to recover balance due for wages of husband and wife. Plea, general issue. Verdict for plaintiff for full amount claimed. Motion for new trial filed by defendant. Motion overruled.

Case stated in opinion.

*A. L. Blanchard,* for plaintiff.

*James Libby, and R. W. Rogers,* for defendant.

SITTING:  SAVAGE, C. J., CORNISH, KING, HALEY, HANSON, PHILBROOK, JJ.

KING, J.  Action of assumpsit to recover an alleged balance of $80.20 for the labor of the plaintiff and his wife under a contract with the defendant. The verdict was for the full amount sued for, and the case comes before this court on defendant's motion for a new trial.

It was undisputed that the plaintiff and his wife worked for the defendant from February 13 to July 21, 1915, under an express contract for a certain monthly wage for the two together. The plaintiff claimed that the monthly wage agreed upon was to be $30 up to June 1, 1915, and $35 thereafter, and that the total amount earned was $165.20, of which he had received but $85, leaving due the balance of $80.20 sued for. On the other hand, the defendant contended that the monthly wage agreed upon was $30 per calendar month, and that the total wages amounted to only $156.50, all of which had been paid.

The testimony was flatly contradictory. The plaintiff was corroborated by his wife as to the terms of the contract, and also to some extent as to the credits to be given. The defendant was likewise corroborated by his wife, both in respect to the terms of the contract and as to payments made to the plaintiff. And each party claimed to have kept in a book an account of the payments made on account of the wages. The plaintiff's book, however, was not produced. He said he destroyed it after giving the account to his attorney for collection. The defendant's book was introduced at the trial, but was not produced at the Law Court. The printed case, however, shows, as we understand, the items of credit as shown on the defendant's book.

We have examined the testimony with care and find it to be irreconcilable. But it has been considered and passed upon by the jury who had the opportunity of seeing the witnesses as they testified, and of examining the defendant's book, an advantage which this court has not. Their conclusion was in the plaintiff's favor, and although we might have reached a different conclusion, we do not find sufficient proof in the record that their conclusion is clearly wrong.

The entry must therefore be,

*Motion overruled.*