# CASES

IN THE

# SUPREME JUDICIAL COURT

OF THE

## STATE OF MAINE

HARRY B. BRADBURY

*vs.*

RHODE ISLAND INSURANCE COMPANY.

Knox.    Opinion March 11, 1921.

*The verdict of a jury upon questions of fact is conclusive and final when the testimony is not so strong to the contrary to show clearly error, or that they were influenced by prejudice, bias, passion or mistake.   An arbitration invoked under the standard form of fire insurance policy, R. S., Chap. 53, Sec. 8, having failed by reason of the fault of one of the parties in not choosing disinterested referees, relieves the other party from being bound to enter into a new arbitration agreement.*

Action on the case to recover for a fire loss—Verdict for plaintiff.    Motion for new trial presented by defendant.    The elements of defense were (a) that the fire was set by the plaintiff, his agents or employees, with criminal and fraudulent intent of causing the stock of merchandise to be destroyed so that the plaintiff might procure the insurance money provided for in his policies; (b) that the plaintiff filed a false and fraudulent proof of loss; (c) that the referees provided for by the terms of the policy, and by R. S., Chap. 53, Sec. 8, were legally and properly chosen, that the terms of the policy and the Statute as to hearing were complied with, and that the award of the referees, or a majority of them, was conclusive and final upon the parties as to the amount of loss or damage.

*Held:*

1.   That the first and second elements of defense were wholly questions of fact and were for the determination of the jury, which determination is binding

upon this court when the testimony is not so strong to the contrary as to show that they were clearly wrong or were influenced by prejudice, bias, passion or mistake.

2.   The third element of defense was a mixed question of law and fact. Under instructions which must be assumed to be correct, since no exceptions are presented, the jury found that the arbitration failed by reason of the defendant's fault in not choosing referees who were free from prejudice or bias, and were not disinterested.

The defendant has failed to sustain the well known burden laid upon it in order to have the verdict set aside.

On motion for a new trial by defendant.   This is an action on the case to recover for loss by fire in a building in Rockland on December 30, 1917, damaging a stock of merchandise, consisting of boots, shoes, and rubbers, and fixtures.   Before this action was brought an arbitration was held under the provisions of the standard form of policies which resulted in fixing the amount of the plaintiff's total loss of $2952.50.   The defendant filed a plea of the general issue, and a brief statement alleging as special matters of defense; that the fire was set by the plaintiff or through his procurement; that the plaintiff knowingly filed a false proof of loss; that the plaintiff gave false testimony at the arbitration; that the referees were duly and fairly chosen, and that their findings were final and binding on the parties. The case was tried to a jury and a verdict for $4800 was returned for the plaintiff, and the defendant filed a motion for a new trial.   Motion overruled.

The case is fully stated in the opinion.

*A. S. Littlefield, and M. A. Johnson,* for plaintiff.

*William H. Gulliver,* for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, MORRILL, WILSON, JJ.

PHILBROOK, J.   This is an action on the case to recover for a fire loss.   The property destroyed consisted of a stock of goods, fixtures, repair machinery and tools, and such other personal property as would ordinarily be contained in a retail boot and shoe store.   Upon this property the defendant had issued two insurance policies, one for $300.00, dated Oct. 9, 1917, the other for $1000.00, dated Dec. 21, 1917, both of which were in force at the date of the fire.   Policies

Me.] BRADBURY *v.* INSURANCE COMPANY. 3

issued by other companies, in force at the time of the fire, with dates of issue, and amounts, are as follows:

Firemen's Insurance Company, June 15, 1917 .................... $ 500.00
Imperial Assurance Company, June 15, 1917 ...................... 1000.00
Insurance Company of Pennsylvania, Oct. 9, 1917 ............ 1000.00
American Eagle Insurance Company, Oct. 11, 1917 .......... 1000.00

The aggregate of these four policies together with those issued by defendant, is $4800. The $300 policy issued by defendant covered material used in shoe repairing business to the amount of $200.00, while the remaining $100.00 was upon cash register, machinery, motor, tools and implements used in such business. The $1000 policy issued by defendant was thus divided: $800 on stock of merchandise, and $200 on store furniture and fixtures. The four policies issued by the other companies were all on stock of merchandise. Thus it will be seen that the plaintiff claimed insurance from all his policies as follows:

On machinery in repair department ..................................... $ 100.00
On material     "     "     "     ....................................... 200.00
On furniture and fixtures in store............................................ 200.00
On stock of merchandise................. ......................................... 4300.00

Total........................................................ ....... $4800.00

These figures become important by reason of the special findings returned by the jury.

The fire occurred Dec. 30, 1917. In his proof of loss the plaintiff claimed loss of $410 under the $300 policy and $6709.03 under the other policies. Thus it will be observed that the aggregate loss claimed was considerably more than the aggregate insurance under all the six policies. The plaintiff and the several insurance companies having failed to agree as to the amount of loss, a reference was invoked under the standard form of policy and the provisions of R. S., Chap. 53, Sec. 8. After hearing before those referees a finding was made by which the plaintiff was awarded the sums following:

On stock of merchandise, boots, shoes, etc... ........................ $2500.00
On store furniture and fixtures, etc.. ..... ................................ 222.50
On stock of leather, soles, rubber heels, etc.......................... 75.00
On machinery, electric motor, etc............................................ 155.00

$2952.50

The award was signed by two of the referees but the third declined so to do. Being dissatisfied by reason of the sums awarded, and by reason of what he claimed was improper conduct of the hearing, and by reason of what he claimed was bias or partisanship against him on the part of one or more of the referees, the plaintiff brought suits upon all his policies of insurance, including the two under consideration in the case at bar. The other suits abide the outcome of this one, under stipulations which do not here need enumeration or discussion.

Trial before a jury resulted in a general verdict for the plaintiff, with special report as to assessment of damages agreeably to the stipulations of the parties. The following special findings were also returned:

Was the stock of goods and merchandise in the Bradbury store, at the time of the fire, worth $4300.

Answer, yes.

Were the fixtures in the Bradbury store, at the time of the fire, worth $200.

Answer, yes.

Were the fixtures in the cobbler's shop in the Bradbury store, at the time of the fire, worth $100.

Answer, yes.

The defendant reserved numerous exceptions during the progress of the trial but no bill of exceptions appears in the record. The case is before us upon motion for new trial based upon the usual grounds.

The elements of the defense are as follows: (a) That the fire was set by the plaintiff, his agents or employees, with criminal and fraudulent intent of causing the stock of merchandise to be destroyed, so that the plaintiff might procure the insurance money provided for in his policies; (b) that the plaintiff filed a false and fraudulent proof of loss; (c) that the referees provided for by the terms of the policy, and by R. S., Chap. 53, Sec. 8, were legally and properly chosen, that the terms of the policy and the statute as to hearing were complied with, and that the award of the referees, or a majority of them, was conclusive and final upon the parties as to the amount of loss or damage. A record of somewhat extraordinary length discloses that these elements were presented and opposed with great zeal, power and skill, by learned, experienced and able counsel, and the jury

result is above indicated.   The defendant now asks this court, without vision of witnesses or personal contact with the environment of the trial, to declare that the jury so palpably erred, through prejudice, bias, passion or mistake, that the verdict must be set aside.   "Even though the evidence preponderates against the verdict, and even though the court might have arrived at a conclusion different from that reached by the jury, if there be evidence upon which the verdict may rest, the motion should be overruled unless the conclusion is warranted that the jury reached its verdict improperly, or was, in finding it, improperly influenced."   *Clark* v. *Dillingham,* 116 Maine, 508; *Gregor* v. *Cady,* 82 Maine, 131; *Dickey* v. *Bartlett,* 114 Maine, 435; *Greenlaw* v. *Milliken,* 100 Maine, 440; *Prescott* v. *Black,* 115 Maine, 557; *Hubbard* v. *Marine Co.,* 105 Maine, 384.   The burden of showing the verdict to be wrong rests upon the mover.   *Clark* v. *Dillingham,* supra; *Sterns* v. *Hudson,* 113 Maine, 154; *Cobb* v. *Cogswell,* 111 Maine, 336.   These principles are so familiar that citation of authorities ought not to be necessary, but in view of the growing frequency of motions for new trial, based alone upon the grounds of jury error, it seems necessary to reiterate them from time to time.

The first element relied upon by the defendant, is wholly a question of fact.   The judgment of a jury upon a disputed fact is binding upon this court when the testimony is not so strong to the contrary as to show that they were clearly wrong or were influenced by prejudice, bias, passion or mistake, and where the evidence is of such a character that, after weighing it, they may have well concluded that the plaintiff's version was right.   *Leavitt* v. *Seaney,* 113 Maine, 119. By that verdict he was exonerated from the charge of having, with criminal and fraudulent intent, caused the fire which destroyed his property.   A careful examination of the evidence does not justify us in setting aside the verdict on this ground.

Likewise the second element relied upon by the defendant is wholly a question of fact.   Here the jury not only returned a general verdict in favor of the plaintiff, but also made the special findings which militate in his favor, and we are not persuaded that we are justified in overturning the verdict on this ground.

The third element relied upon by the defendant presents a mixed question of law and fact.   No exceptions to the charge of the learned justice in the court below were taken.   We must therefore assume that they were correct, and the jury, applying the facts to the law thus

given, returned a verdict in favor of the plaintiff. Shall the verdict be disturbed on this ground. The plaintiff has been brought before this court by one of the allied defendants in *Bradbury* v. *Insurance Company of the State of Pennsylvania*, 118 Maine, 191, where the law governing the question of disinterested arbitrators was so fully and so recently discussed that it seems entirely unnecessary to repeat the discussion. The referees in that case and the ones at bar are the same. They were chosen to act with reference to the same fire in that case as they were in this. In the absence of the charge of the presiding Justice we must assume that the rules of law enunciated in the other case were given in this, since the trial of this case was begun only three months after the decision in the other case was announced. Applying the facts in this case to the law as found in the other, the jury decided that the arbitration failed by reason of the defendant's fault in not choosing referees who were free from prejudice or bias, and were not disinterested, and therefore the plaintiff was not bound to enter into a new arbitration agreement. We see no reason to disturb the verdict because of error in this finding.

*Motion overruled.*