# CASES

IN THE

# SUPREME JUDICIAL COURT

OF THE

## STATE OF MAINE

---

MAUD WINCHESTER *vs.* INHABITANTS OF PERRY.

Washington.  Opinion November 1, 1922.

*Allegation in declaration held immaterial and surplusage.   Verdict not set aside
as the evidence failed to show that it was so manifestly wrong that it
must have been the result of bias, prejudice or some
other improper consideration.*

On a motion for a new trial on the usual grounds it was urged that the evidence
did not support the allegation that the wheel of the vehicle dropped "on to the
broken pipe" and that the verdict was against the evidence,

*Held:*

That it was the hole in the way which constituted the defect and not the fact that
there was a broken pipe in it, and the allegation that the wheel of the vehicle
in going into the hole struck the pipe may be regarded as immaterial and a
surplusage, and the allegation was sustained by evidence showing that the
wheel dropped into the hole in the highway caused by the broken drain-pipe.

That the evidence as a whole was conflicting, but it not appearing to this court
that the verdict of the jury was manifestly wrong, it must stand.

On motion for a new trial.   This is an action to recover damages
for personal injuries sustained by plaintiff by reason of an alleged
defective way in defendant town.   The defendant pleaded the
general issue and the case was tried to a jury and a verdict for plain-
tiff for seven hundred and seventy-nine dollars was rendered, and
defendant filed a general motion for a new trial.   Motion overruled.

The case is stated in the opinion.

*H. E. Saunders, Gray & Sawyer,* for plaintiff.

*L. H. Newcomb and J. H. Gray,* for defendant.

SITTING:   CORNISH, C. J., SPEAR, HANSON, PHILBROOK, WILSON, JJ.

WILSON, J.   An action against the town of Perry to recover for personal injuries alleged to have been received through a defective highway in said town.   The jury awarded a verdict for the plaintiff which it is admitted, if it is allowed to stand, is not excessive.   The case comes before this court on motion of the defendant for a new trial upon the usual grounds.

The ground relied upon by the defendants is that the verdict is against the evidence, and in support of this contention the defendant urges, first, that the evidence does not support the allegation in the declaration as to the manner in which the accident occurred, and second, that the evidence does not show that the driver of the vehicle in which the plaintiff was riding was in the exercise of ordinary care, but on the contrary shows that he was guilty of negligence which was the real cause of the plaintiff's injuries.

The declaration describes the defect in the highway as a hole in the travelled part of the way caused by a broken waterway pipe; and alleges that the accident was caused by the wheel of the vehicle in which the plaintiff was riding dropping down into said hole and "on to said broken pipe."

The defendant's counsel strenuously contends that the evidence does not show that the wheel of the cart "dropped  .   .   .   .   on to said broken pipe," and therefore does not support the allegation.

It is obvious from both the declaration and the evidence that it was the hole in the way which constituted the defect and not the fact that there was the broken pipe in it.   Whether the wheel when it dropped into the hole hit the broken pipe or not, would have no effect in causing the accident.   It was the sudden and unexpected jolt or tipping of the cart which threw the plaintiff out and caused her injuries.   The allegation that the wheels struck the broken pipe in the hole may, therefore, be regarded as immaterial and surplusage. *Holt* v. *Penobscot*, 56 Maine, 15.   The allegations of the declaration were sufficiently sustained, if the jury was warranted in concluding from the evidence that the wheels of the cart dropped into the hole caused by the broken drain-pipe—if, indeed, it was not also warranted in concluding from the evidence in the case that if the wheels dropped into the hole described in the declaration, they must also have dropped on to the broken pipe therein.

The defendant relies mainly, however, upon the contention that the accident was due to the negligence of the driver of the vehicle in which case it is admitted that the plaintiff may not recover. *Mosher* v. *Smithfield*, 84 Maine, 336.

In support of this contention it is urged, that even if the wheels of the cart did drop into the hole caused by the broken pipe, it was plainly marked by a stake and was known by the driver to be there, as it was directly in front of his premises, and he had been asked to repair it by the road commissioner of the town, and that there was sufficient room on the westerly side of the road for the safe passage of teams, and where at the time of the accident travellers using the way were going.

Counsel for the defendant, however, also insists that the evidence of where the plaintiff struck the ground when she was thrown out, it being as the defense claims about thirteen feet beyond the defect in the causeway or culvert, shows that it was not the tipping of the cart by the wheels dropping into the hole in the road which threw her out; but that the driver in trying to avoid the hole drove his team so far to the west to avoid it that his outside, or off wheels, went out over the shoulder of the road and dropped down over the ends of some logs or poles forming the westerly end of the culvert; and when he reined his horse into the road again, it started up, and the consequent dropping of the cart off the poles and the righting it up, when the horse drew it into the road, threw the plaintiff out at the spot where it is claimed she fell. In either case it is contended, whether the driver allowed his wheels to drop down into the hole in the road or drove off over the westerly shoulder, the accident was due to his negligence.

The evidence on these points is conflicting and in many respects vague and unsatisfactory. The jury, however, heard and saw the witnesses, some of whom positively stated that there was not room to drive over this culvert without the wheels dropping into the hole, and there was evidence of an automobile being stalled in it. One witness testifying that the washout or gully extended nearly across the travelled part of the way and another that you couldn't shun it, you had to cross it. The driver of the vehicle testified that he eased his team over it as well as he could, but his nigh wheels "must have dropped into the hole."

The defendant offered evidence it is true to the effect that a sufficient width of passable road existed at the time of the accident west of the hole over the drain-pipe to afford a safe passage for teams, and lays great stress upon the point where it is claimed the evidence shows the plaintiff fell. But no person saw her fall, nor is it likely that in the excitement of the moment any thought was taken at the time, by either the driver or her husband, as to the exact point where she fell. The measurements upon which the defendant's contention is based were taken a year after the accident occurred and after the culvert had been rebuilt and a fill of about three and one half feet made at this point, and under the circumstances can hardly be taken as conclusive.

Even though this court might have come to a different conclusion upon the printed evidence, a jury which heard the witnesses and which had the several points raised by the defendant sharply and clearly defined for them by the presiding Justice found the weight of the evidence was with the plaintiff. After a careful consideration of all the evidence we can not say that the verdict is so manifestly wrong that it must have been the result of bias, prejudice or some other improper consideration.

Entry will be,

*Motion overruled.*