JOHN DUBE *vs.* ARTHUR L. SHERMAN.

ESTHER DUBE *vs.* ARTHUR L. SHERMAN.

CATHERINE FECTEAU *vs.* ARTHUR L. SHERMAN.

Kennebec.       Opinion, March 29, 1937.

*F. Harold Dubord*, for plaintiffs.
*William B. Mahoney*,
*John B. Thomes*,
*Perkins & Weeks*, for defendant.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

DUNN, C. J.    Three actions, sounding in tort, one by John Dube, the second by his wife, Esther, and still another by their niece, Catherine Fecteau, against Arthur L. Sherman. The litiga-

tion arose out of an automobile accident that occurred not far from the Winslow-Vassalboro town line, on the Waterville-Augusta highway, in the early afternoon of August 30, 1935. The day was fair, sky clear, sun shining, road dry.

John Dube, who drove the vehicle in which the other plaintiffs were guest passengers, declares, in separate counts, of which more presently, for damage to his car, to his clothes, to a watch he was wearing; for bodily hurt; and for expenses incurred on account of his injured wife.

Each of the other plaintiffs alleges that actual physical pain occasioned her loss or damage.

Plaintiffs allege, for foundation of civil liability at common law, that the negligence of defendant, in attempting to drive his automobile between their car and a truck, gave rise to the respective rights of action. Evidence insisted to support such allegation was introduced.

A motion was made in the court below, that, because of some defect on the part of a juror in failing to return immediately with his fellows from the conference room, to report the answer of the jury concerning the matters of fact committed to their trial and examination, the panel be discharged without a verdict.

The motion was refused.

At the bar of this Court, exceptions to such refusal are not seriously pressed. The exceptions are regarded as abandoned.

Plaintiffs rely on motions grounded, in gist, that the verdicts for defendant, being against the evidence, and therefore contrary to law, ought not to stand.

The road in question runs generally north and south. At the point of the accident, macadam surfacing, eighteen feet in width, is divided by a white line into two lanes; the lane in which plaintiffs were riding was nine and one half feet wide. Next the macadam, and of the same level, was a gravelled shoulder, suitable for vehicular use, three and one half feet in width.

Patrolmen were repairing the road. Testimony describes the work done by them as "patches"; again, as "new construction."

Defendant is a chauffeur; he had, over the period of twenty-two years, received compensation for his services in operating motor vehicles. On this day, he was going southerly, i.e., in the direction of

Augusta, on a five per cent grade, on his right side of the public way. The patrolmen, or, if not they themselves, the "patches," had been within defendant's view since he was one fourth of a mile away. The lane in which his car was proceeding was narrower by a foot than the adjoining one.

The jury could find, from the evidence, that directly ahead of defendant, when near the patrolmen, was new construction, and the aforesaid truck. The truck, one for hauling gravel, but then parked, blocked the lane. The automobile was slowed almost to a stop; then, defendant desiring to go on, the machine was started, in second gear, toward and onto the opposite lane, or left roadway. The plaintiff car, which defendant had first seen when it was at the brow of the hill, three hundred and fifty feet off, was, the jury apparently found, now observed to be oncoming, at a rapid rate of speed.

Defendant, there is testimony, immediately bore his machine to the right; pulled, at an angle, back to his own side of the road; thence forward to where the front bumper was close to a patrolman; thereupon, the automobile was brought to a stop. Except for its left rear wheel, which still projected a matter of some eighteen inches, the car was on its side of the traffic line.

With the truck as a bench mark, the vehicle defendant had in charge was now twenty feet to the northward; that in which plaintiffs were riding was fifty feet southward, the latter car in motion.

So is the evidence.

The car Mr. Dube was driving had a width of five feet, seven inches. The space available for its use in passing is variously estimated on the record, from seven to ten feet. Yet, the Dube vehicle struck against the other one.

Impact of collision dented the left rear mudguard of the latter, and knocked its rear bumper off; nothing more.

On went the moving car, thirty feet; it left the road, plunged down an embankment, overturned, and was demolished. Its occupants were hurt.

Upon each movant rests the burden of showing adverse verdict to be clearly, manifestly wrong. *Gregor* v. *Cady*, 82 Me., 131, 19 A., 108; *Hubbard* v. *Marine, etc., Co.*, 105 Me., 384, 74 A., 924; *Cobb* v. *Cogswell*, 111 Me., 336, 338, 89 A., 137; *Sterns* v. *Hudson*, 113 Me., 154, 155, 93 A., 58; *Dickey* v. *Bartlett*, 114 Me., 435, 96 A.,

738; *Bradbury* v. *Insurance Co.*, 120 Me., 1, 112 A., 714; *Winchester* v. *Perry*, 122 Me., 1, 118 A., 515; *Mizula* v. *Sawyer*, 130 Me., 428, 157 A., 239; *Young* v. *Potter*, 133 Me., 104, 174 A., 387. No motion here survives such test.

Upon the evidence in the case, the verdicts are final and conclusive.

*Exceptions overruled.*
*Motions overruled.*