WARREN E. COBB *vs.* HOWARD COGSWELL.

Aroostook.   Opinion December 23, 1913.

*Delivery.   Instructions.   Motion.   Newly Discovered Evidence.   Possession.*
*Replevin.   Sale.   Title.   Verdict.   Written Contract.*

Replevin to recover an automobile.   The verdict was for plaintiff.   The
defendant filed a general motion for a new trial, and also a motion based
on newly discovered evidence.

*Held:*

1. When there is evidence to support a verdict and there is nothing in the
case which would justify the substitution of the judgment of the court,
who did not see the witnesses, for that of the jury, who did, and the parties
have had a fair trial without prejudicial error in law, the verdict will not
be disturbed.

2. While the burden was on the plaintiff to satisfy the jury of the defend-
ant's liability, the burden is now on the defendant to make it clearly appear
that the verdict is wrong.

3. It is not necessary that newly discovered evidence should be such as to
require a different verdict, but there must be a probability that the verdict
would be different upon a new trial.

4. A new trial will not be granted on the ground of newly discovered evi-
dence, when the moving party might, by proper diligence, have discovered
such evidence in season for the trial.                          ,

On motion for a new trial by the defendant.   Motion overruled.

This is an action of replevin against the defendant for a Cadillac
automobile, 1911 model.   The defendant purchased said automobile
of John C. Merrill on September 19, 1911.   In November, 1911, the
defendant traded this car with said Merrill for a 1912 model, and
in December, 1912, said Merrill sold this 1911 car to the plaintiff.
This automobile remained in possession of defendant from Sep-
tember, 1911, until May 2, 1912, when it was taken from him on
the writ in this case.   The defendant pleaded the general issue, and
for brief statement said that at the time of the alleged taking, the
title and right of possession of the property described in the plain-
tiff's writ were in the defendant and not in the plaintiff.   The verdict

was for the plaintiff, and the defendant filed a general motion for a new trial and also a motion for a new trial on the ground of newly discovered evidence.

The case is stated in the opinion.

*O. L. Keyes, Hersey & Barnes, and Doherty & Tompkins,* for plaintiff.

*Powers & Guild, and Nicholas Fessenden,* for defendant.

SITTING: SAVAGE, C. J., CORNISH, BIRD, HALEY, HANSON, PHIL-BROOK, JJ.

HANSON, J. Replevin to recover a Cadillac automobile. The verdict was for the plaintiff. The defendant has filed two motions for a new trial; one on the ground that the verdict was against the evidence, and the other based on newly discovered evidence.

The automobile was sold in 1911 by the Bangor Motor Company to John C. Merrill. September 19, 1911, Merrill sold the automobile to the defendant. In November following the defendant entered into a contract in writing with Merrill which provided, as defendant claims, that he should pay Merrill $200 on the day of the date of the contract and on May 1, 1912, $100 additional, and deliver to said Merrill the automobile in controversy, and receive from Merrill a new automobile. The contract was retained by Merrill, who promised, as defendant claims, to furnish defendant a duplicate, which he did not do.

In December of the same year, Merrill sold the automobile in question to the plaintiff, and a few days later absconded. The automobile remained in defendant's possession until May 2, when suit was brought. It is claimed by the plaintiff that Merrill had the right to sell the automobile to him, that the defendant delivered the same to Merrill when the $200 was paid in November, 1911, and that Merrill exercised acts indicating ownership, as well as claiming to own the automobile when he sold the same to the plaintiff.

The defendant says that the plaintiff has not sustained the burden of proving (1) that the title and right of possession of the automobile were transferred back to Merrill under the terms of the contract entered into by Merrill and the defendant in November, 1911, and (2) that such title and right to possession were, on May 2, 1912,

vested in the plaintiff under the terms of the contract between Merrill and the plaintiff, of December 26, 1912. The defendant in his brief adds, "it is in regard to the first of these propositions, that is, as to what were the terms of the contract entered into by Merrill and the defendant in November, 1911, that there occurs the only conflict in the testimony in the case." Upon this point two witnesses have testified. The plaintiff introduced B. B. Perkins, who was the manager of the Bangor Motor Company, whose testimony as to the terms of the contract is substantially the same as that of the defendant. Mr. Perkins testified that he had seen and read the contract in defendant's house. The defendant denied this, and by leave of court defendant's counsel testified to conversations in his office in which Mr. Perkins had made remarks inconsistent with his testimony at the trial. The issue was properly submitted to the jury under appropriate instructions. The testimony was conflicting. There was evidence to support the verdict. The jury saw and heard the witnesses, and decided the case. No reason appears to warrant the court in saying that the verdict is manifestly wrong. This first motion cannot be sustained.

A verdict on a properly submitted issue should not be set aside. *Sanford* v. *Kimball,* 106 Maine, 355.

. Even when there is strong doubt of the actual occurrence or existence of a fact found by a jury, if the evidence is conflicting, their findings will not be disturbed on that ground. *Lewis* v. *Railroad,* 97 Maine, 340.

A new trial will not be granted unless the verdict is clearly wrong. *Stone* v. *Railway,* 99 Maine, 243; *Caven* v. *Granite Co.,* 99 Maine, 278.

Where there is evidence to support a verdict, and there is nothing in the case which would justify the substitution of the judgment of the court, who did not see the witnesses, for that of the jury who did, and the parties have had a fair trial without prejudicial error in law, the verdict will not be disturbed. *Atkinson* v. *Orneville,* 96 Maine, 311; *Berry* v. *Ross,* 94 Maine, 270.

While the burden was on the plaintiff to satisfy the jury of the defendant's liability, the burden is now on the defendant to make it clearly appear to us that the verdict is wrong. *Coombs* v. *King,* 107 Maine, 376.

The evidence offered by the defendant to sustain his motion for a new trial on the ground of newly discovered evidence is directed to the one object of impeaching the testimony of Mr. Perkins, the plaintiff's witness. The defendant offers,—1. A letter from the Bangor Motor Company to Messrs. Powers & Guild, dated April 24, 1912, which was written in reply to a letter from Messrs. Powers & Guild, dated April 20, 1912, the purpose being to discredit the testimony of Mr. Perkins. Defendant claims that the matter sought to be brought out by the letter will contradict the statement that the witness had seen a contract between the defendant and Mr. Merrill, and read the same in the dining room of defendant's house. Sharp contention was raised by counsel at the trial upon this point, and on the ground of surprise, defendant's counsel was allowed to testify to occurrences in his office which he claimed tended to contradict the witness.

Three letters were written in relation to the case, one of which, the letter from the Bangor Motor Company to the defendant, above mentioned, was introduced as defendant's Exhibit 2, and that letter refers to a letter written by Messrs. Powers & Guild to the Bangor Motor Company, the reply to which is now offered as newly discovered evidence.

The motion recites that the defendant and his counsel were "taken entirely by surprise by the testimony of said Perkins," and  .  .  . that neither the said defendant nor his said attorneys had the said letter in court at the time of said trial, and that the knowledge of the existence of said letter did not come to said defendant, or his said attorneys, until after the trial and the verdict in said action.

Notice to produce the "letters and papers in connection with the transaction" was duly served on defendant's attorneys, and but one letter was produced, and that letter refers in terms to the correspondence of which the letter now offered formed a part, and it is evident that, if reasonable diligence had been used at the time of the notice to produce the letters and papers, the discovery of the latter in question would have been certain.

2. The testimony of defendant's wife. We think the testimony of Mrs. Cogswell fails entirely to discredit the testimony of Mr. Perkins. On the contrary, it tends to corroborate his statement that he had seen and read a contract in her dining room. She says the

defendant and Mr. Perkins came into her house, Mr. Perkins was introduced to her, and immediately went through the house with the defendant to the barn; "they stayed a few minutes and came back again and walked across the kitchen floor; my husband went from the kitchen into the dining room. Mr. Perkins went as far as the dining room door, and there they said something. I don't remember what they said; they had a few words, and they came out and went out." "From where I was standing, near my table, I could see so far as they went into the dining room, so far as my husband went into the dining room." She further states that her husband did not show Mr. Perkins any paper, and that he read no paper in her house that day.

This testimony is open to the same criticism as the first. The witness is defendant's wife. No inquiry was made of this witness previously. The evidence offered is not so material as to induce the belief that the result would thereby be changed, nor is it of such character, weight and value as to make it seem probable that it would have changed the result. Under such circumstances, a new trial should not be granted.

*Fitch* v. *Sidelinger,* 96 Maine, 70, and cases cited. Idem, 503.

It is not necessary that newly discovered evidence should be such as to *require a different verdict,* but there must be a probability that the verdict would be different upon a new trial. *Drew* v. *Shannon,* 105 Maine, 562; *Fitch* v. *Sidelinger,* 96 Maine, 70; *Parsons* v. *Railway,* 96 Me., 503; *Mitchell* v. *Emmons,* 104 Me., 76.

A new trial will not be granted, on the ground of newly discovered evidence, when the moving party might, by proper diligence, have discovered such evidence in season for the trial. *Hunter* v. *Randall,* 69 Maine, 183; *Berry* v. *Ross,* 94 Maine, 270; *Thompson* v. *Morse,* 94 Maine, 359. Unless it is apparent that an injustice has been done. *Woodis* v. *Jordan,* 62 Maine, 490; *Fitch* v. *Sidelinger,* supra.

The witness located Mr. Perkins in the dining room door, his back towards her and standing between herself and her husband. Their purpose in entering the dining room, unexplained by defendant, does not aid in establishing the probability of the correctness of her statement, but does furnish ample ground for the presumption, that if, as she stated, she does not remember what they said, she did not see all that occurred.

*Motions overruled.*