### F. R. CONANT COMPANY *vs.* S. F. LAVIN.

Androscoggin County.    Decided November 29, 1924.    The question of this case, with regard to which exceptions by the defense are insisted to apply, is presented by simple and undisputed facts.

From time before and inclusive of that of the transaction in dispute, Mr. S. F. Lavin, the defendant, was treasurer and manager of the Metropolitan Auction Rooms, the corporation in Lewiston of that name.    In 1917 or 1918, to begin at the beginning and trace to the instant situation, Mr. Lavin and the F. R. Conant Company first dealt together.    At that time the company sold him the lumber that built his garage.    About two years later Mr. Lavin was vendor to the company in business that concerned the sale and purchase of certain doors and windows.    Within the next year, the original positions being resumed, the company sold and charged material to Mr. Lavin, that went to the place of the Metropolitan Auction Rooms, and was paid for by the promissory note of that concern, signed by Lavin as treasurer.    One month later, the company had the check

of the Metropolitan Auction Rooms, in settlement of something not debited as a book account, the nature of which is not shown. Lavin, treasurer, issued that check.

Thus matters were for twenty months. Then it was planned to construct an annex to the building owned by the auction rooms and to erect a garage for that corporation. One Vye, a carpenter, was employed. Lavin went with Vye to the office of the plaintiff and there spoke to its treasurer. Vye, after stating that he was to build an annex and also a garage at the Metropolitan Auction Rooms, showed schedules of the lumber that would be required, and listed prices at which he said that he expected to buy. Plaintiff met the prices. Who owned the building was not mentioned. Neither Lavin nor Vye volunteered information, and the plaintiff's treasurer did not ask, against whom the charges were to be made.

Work was begun. Vye, as lumber and material were needful, telephoned plaintiff therefor, nineteen different times. Sixteen of the original order sheets, written in plaintiff's office when the orders were severally filed, read "For S. F. Lavin." The others read, "S. F. Lavin for Metropolitan Auction Rooms," "For S. F. Lavin Job Main St. Lew. Metro. Auction Rooms," and "For S. F. Lavin Job Met Auc.," respectively. Each load was charged to Lavin at the time and as delivered, though not by any special direction from him. Monthly bills were sent Lavin. He never objected. But in testifying explained that his daughter, the bookkeeper for the corporation had the mail in charge and that he seldom saw the bills. Delivery slips went with the loads. Twelve of them were produced. Every one read "Sold to S. F. Lavin." Eight and no more were receipted. One was signed "S. F. Lavin," another "Etta E. Lavin," still another, "Metropolitan Auction Rms. Vye," another yet, "Vye," and all the rest "Vye," either immediately before or after what were intended for abbreviations of Metropolitan Auction Rooms, two being in this form, "M. A. R. Inc." Plaintiff's treasurer attested that, until it was adjudicated bankrupt, several months after his meeting with Lavin and Vye, he did not know that the Metropolitan Auction Rooms was incorporated as a corporation. For anything he knew that was but the trade name of Mr. Lavin.

Upon these facts the Justice hearing the case in vacation, under R. S., Chap. 87, Sec. 37, rendered judgment for the plaintiff in an action against Lavin for the lumber and material sold and

delivered for the annex and the garage. Mr. Lavin's failure to appraise the plaintiff's treasurer expressly, at the time the schedules and the listings were under discussion, that the treasurer was but speaking to another representative, and whom the latter stood in the stead of, was the predicate of liability. "I think," remarked Judge MORRILL who sat below, . . . "if he was in fact acting for the corporation, he should have said so," . . . . "he cannot now avow an agency which he did not then disclose."

That ruling was, to the minds of counsel for the defendant, to borrow their words, too harsh and too restrictive. They urge with emphasis that, the defendant's agency and his principal's identity being fairly inferable from the record, wrong law was made to rule right facts.

To be sure the facts and circumstances in a given situation may impart knowledge of the principal's existence and who he is, and where representative capacity ought reasonably to be deduced, it is unnecessary for an agent to state that he personally is not pledging his credit. Actual knowledge brought by the agent, or, what is the same thing, that which to a reasonable man is equivalent to knowledge, is the criterion of the law.

The Judge defined the rule, not in amplification, but in reference to the particular case. In effect he said, after finding the facts, and his finding was conclusive, that if Lavin were acting for the corporation, then as the plaintiff had not actual knowledge or what was tantamount thereto, Lavin should seasonably have made his agency known. And thereby it was made clear that there was no error of law. Exceptions overruled. *Reuel W. Smith*, for plaintiff. *Benjamin L. Berman, Jacob H. Berman and Edward J. Berman*, for defendant.