RACHEL CANDAGE
*vs.*
JOSEPH BELANGER, JR.
*and*
EVERETT L. MOORE

Androscoggin.   Opinion, February 10, 1948.

*Berman and Berman,* Lewiston, for plaintiff.

*John G. Marshall,* for Joseph Belanger, Jr.

SITTING: STURGIS, C. J., THAXTER, MURCHIE, TOMPKINS, FELLOWS, MERRILL, JJ.

STURGIS, C. J.   In this action a verdict of $2,840.35 was returned against Joseph Belanger, Jr. and the case comes

forward on his motion for a new trial. The jury found for Everett L. Moore and he has judgment.

The plaintiff was injured when the Chevrolet coach driven by Moore, in which she was riding as a guest passenger, collided with a Dodge truck approaching from the opposite direction and operated by Belanger. It was late in the afternoon and the state highway where the cars, with lights on, came together was hard-surfaced, dry, level and straight. On the evidence, with credibility of witnesses a controlling factor, the finding of the jury that the negligence of the defendant, Joseph Belanger, Jr., was the sole proximate cause of this collision was not manifestly wrong.

Nor is there merit in the complaint of the defendant Belanger that his codefendant Moore obtained a favorable verdict. In actions for concurring negligence each tort-feasor is independently liable for the whole damage, and the jury may separate the defendants and return verdicts against the one and for the other. This is settled practice. *Plante* v. *Canadian National Rys. et al.*, 138 Me. 215; *Arnst* v. *Estes et al.*, 136 Me. 272.

The damages assessed by the jury, however, are clearly excessive. The plaintiff was cut and bruised, her nose was broken and there were transverse fractures of the bones of her right leg below the knee. She was in the hospital a week and then incapacitated at home for about two months and ministered to by her mother. She necessarily suffered pain and discomfort and well may have been, as she says, lame, sore and nervous for a time. And she is slightly disfigured by small scars on her forehead and a somewhat misshapen nose. However, her recovery was rapid, proof of permanent impairment is lacking and she shows no loss of earnings. She is entitled to recover her incidental expenses of $340.35 and reasonable compensation for her pain and suffering but for that, on a most favorable view of the evidence, there is no warrant for the award of $2,500. We are of opinion that $1,840.35 would fully reimburse the

plaintiff for all her losses and the verdict as rendered cannot be allowed to stand.

> *Motion sustained unless within thirty days from filing of mandate plaintiff remits all of the verdict in excess of $1,840.35.*