MINNIE B. BOWIE
*vs.*
ALFRED A. LANDRY

Androscoggin.   Opinion, October 13, 1954.

*May & May,* for plaintiff.

*Frank W. Linnell,* for defendant.

SITTING: WILLIAMSON, TIRRELL, WEBBER, BELIVEAU, JJ. THAXTER, A. R. J., FELLOWS, C. J., AND TAPLEY, J., did not sit.

TIRRELL, J.   This case is before this court upon plaintiff's motion for a new trial addressed to this court. The plaintiff brought the original action in the Superior Court for the County of Androscoggin, the same being an action of trespass containing two counts against the defendant for the alleged cutting of 44,284 feet of standing timber contained in 313 trees and the removal thereof from land which plaintiff claims.

At the time of the trial the parties thereto lived or claimed property on the Pownal Road in the city of Auburn, said properties being adjacent to each other, and the prop-

erty of the defendant lying next northerly to the premises of the plaintiff. There was no dispute in the testimony that the defendant did in fact cut and remove from the area in question certain standing trees. The mainly disputed question was upon whose land the trees were cut, whether the plaintiff's or the defendant's, and the number of board feet contained in the trees and the value thereof.

The case was tried before a drawn jury and the jury returned a verdict for the defendant. There were no exceptions to the charge of the presiding justice and no requested instructions were asked for. After the jury had returned its verdict for the defendant the plaintiff filed a motion for a new trial addressed to the presiding justice on the grounds, (1) that the verdict was against evidence and manifestly against the weight of the evidence; (2) that the verdict was against law; and further, a motion was filed on the ground of newly discovered evidence. No testimony was offered in support of the plaintiff's motion for a new trial on the ground of newly discovered evidence. However, the motion was argued before the presiding justice and several affidavits were offered in evidence. Both motions for a new trial addressed to the presiding justice were denied.

After the adjournment of the term of court the plaintiff and defendant entered into a stipulation by the terms of which the affidavits that were presented were withdrawn from the record. It is apparent from the briefs and arguments of plaintiff's counsel that the plaintiff relies now upon that part of his general motion which indicates that said verdict is against the evidence and manifestly against the weight of evidence.

These rules are so well settled that citations of authority seem almost unimportant. However, to cite a few cases to show the prevailing rules we refer to the case of *Hatch* v. *Dutch*, 113 Me. 405, at page 411. In that case the court said:

"The credibility of witnesses and the weight to be given to their testimony is peculiarly within the province of the jury; and although, if we were sitting as jurors, we might reach a different conclusion from that of the jury, yet we should not set their finding aside unless manifest error is shown, or it appears that the verdict was the result of bias or prejudice."

A verdict by a jury on a properly submitted issue should not be set aside even when there is strong doubt of the actual occurrence or existence of a fact found by a jury. If the evidence is conflicting, their finding will not be disturbed on that ground. A new trial will not be granted unless the verdict is clearly wrong. Where there is evidence to support a verdict and there is nothing in the case which would justify the substitution of the judgment of the court, who did not see nor hear witnesses, for that of the jury who did, and it appearing that the parties have had a fair trial without prejudicial error in law, the verdict should not be disturbed. See *Cobb* v. *Coggswell,* 111 Me. 336; *Sanford* v. *Kimball,* 106 Me. 355; *Lewis v. Railroad Co.,* 97 Me. 340; *Stone* v. *Street Railway,* 99 Me. 243; *Atkinson* v. *Orneville,* 96 Me. 311. The burden is on the moving party to show that the adverse verdict is clearly and manifestly wrong. *Day* v. *Isaacson,* 124 Me. 407. See also *Perry* v. *Butler,* 142 Me. 154 and *Jannell* v. *Myers,* 124 Me. 229.

The second reason contained in the motion for a new trial is because said verdict is against law.

The presiding justice in his charge set forth the rules of law relative to trespass by which the jury was to be guided in its deliberation. No special instructions were requested by the plaintiff and no exceptions were taken to the charge.

The jury had an opportunity to see the witnesses and to hear the testimony and to evaluate that testimony, and in addition, to study the documents introduced as exhibits, and there is nothing in this case to indicate to us that the jury

arrived at the verdict as a result of misconduct. The evidence in this case was such that intelligent and fair-minded persons might differ thereon.

This court will not interpose its judgment for that of the jury. The entry therefore must be.

*Motion denied.*

*Judgment for defendant.*