KATHERINE J. NUTTING
*vs.*
FREEMONT WING

FREEMONT H. WING
*vs.*
KATHERINE J. NUTTING
(Two cases)

LEOLA WING
*vs.*
KATHERINE J. NUTTING

Androscoggin.   Opinion, February 1, 1956.

*Frank W. Linnell,* for Nutting.

*Berman & Berman,* for Wing.

SITTING: FELLOWS, C. J., WILLIAMSON, WEBBER, BELIVEAU, TAPLEY, CLARKE, JJ.

WILLIAMSON, J.   These four cases arise from a "head-on" collision between automobiles driven by Mrs. Nutting and Mr. Wing. The jury found for the plaintiff in *Nutting* v. *Wing* and assessed damages at $4500, and for the defendant in actions brought by Mr. Wing and by Mrs. Wing, a passenger in her husband's automobile. The cases are before us on general motions on the usual grounds. The question of excessive damages is present only in *Nutting* v. *Wing.*

On the issue of liability, we are satisfied that the jury could properly find, as they did, that Mrs. Nutting was in the exercise of due care and Mr. Wing was negligent. The vital question was whether the collision took place on the Wing or Nutting side of the median line of a highway with a tarred surface eighteen feet in width.

The evidence of the course and position of the cars and of other factors was conflicting. The jury evidently believed and gave weight to the testimony of a State Police officer about tire marks of the Wing car leading from the Wing toward the Nutting side of the highway. There is nothing inherently improbable or unreasonable in the evidence for Mrs. Nutting. *Fossett et al.* v. *Durant,* 150 Me. 413, 113 A. (2nd) 620 (1955); *Parker* v. *Knox,* 147 Me. 396, 87 A. (2nd) 663 (1952); *Arnst* v. *Estes & Harper,* 136 Me. 272, 8 A. (2nd) 201 (1939); *Raymond* v. *Eldred,* 127 Me. 11, 140 A. 608 (1928).

On the issue of damages Mrs. Nutting was awarded $4500, with special damages of $1751, as follows: Automobile damage $1600, hospital care $66, doctors' bills $50, ambulance $20, towing automobile $15. The balance of $2749 is attributable to personal injuries and pain and suffering. Mrs. Nutting was in the hospital for six days and in bed at home for a week, used a crutch for about three weeks, and felt effects of pain in her leg for another six to eight weeks. She suffered no fractures, and at the time of the trial had made a complete recovery. The only permanent injury she received is a small scar on the forehead of minor consequence. She is a young woman of twenty-five years of age with life expectancy of 30 years. It is difficult, indeed, to measure damages in terms of dollars.

From a review of the record the jury, however, in our opinion was plainly not justified in awarding more than $2000 for the damages in question. For the governing principles see *Candage* v. *Belanger et al.*, 143 Me. 165, 57 A. (2nd) 145 (1948); *Tardiff* v. *Parker, Sr.*, 149 Me. 365, 102 A. (2nd) 866 (1953).

The entries will be

> *Freemont H. Wing v. Nutting (two cases) and Leola Wing v. Nutting—Motions overruled. Nutting v. Wing—Motion sustained unless within thirty days from filing of mandate plaintiff remits all of the verdict in excess of $3751.*