WILLIAM GARDNER

*vs.*

WILFRED PARADIS

Androscoggin. Opinion, July 28, 1958.

*Platz & Scolnik,* for plaintiff.

*Frank W. Linnell,* for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, DUBORD, SIDDALL, JJ.

WILLIAMSON, C. J.   This tort action arises from a collision between automobiles operated by the defendant and Mr. Arsenault in which the latter's automobile struck the plaintiff, a pedestrian.  The case is before us on motion for new trial on issues both of liability and of excessive damages.

 The accident occurred at the intersection of Canal and Chestnut Streets in the City of Lewiston on a December day. It was snowing and the streets were icy and slippery or "greasy," to use the expressive word of one witness.  The defendant was proceeding westerly on Chestnut Street and Arsenault southerly on Canal Street.  Arsenault failed to stop at a stop sign marking the intersection.  The defendant was unable to stop in time to avoid a collision within the intersection.  The Arsenault car was pushed by the force of the collision against the plaintiff who was crossing from the east to the west side of Canal Street on the crosswalk on the southerly side of the street.  The plaintiff was within a step of the sidewalk at the southwest corner of the intersection when struck and injured.

No question of negligence on the part of the plaintiff arises.  The issues are whether the jury was entitled to find

that the defendant was negligent and to assess damages at $2,500.

No useful purpose will be served from rehearsing the evidence on liability. It was clearly a jury question whether the defendant as he approached and entered the intersection played the part of a reasonably prudent man under the circumstances. We cannot say that the jury was "clearly wrong" in finding him negligent in failing to avoid collision with the Arsenault car with the resulting injury to the plaintiff. *Bowie* v. *Landry,* 150 Me. 239, 108 A. (2nd) 314; *Stinson* v. *Bridges, Admr.,* 152 Me. 306, 129 A. (2nd) 203. See also *Ward* v. *Merrill Transport Co.,* 154 Me. 45, 141 A. (2nd) 438.

We agree with the defendant that the damages found by the jury were excessive. The plaintiff aged 73 years suffered a broken rib, was hospitalized from December 15 to December 31, was seen by his personal physician four times thereafter and was discharged from further care. The physician testified that no residual effects remained from the accident. A second physician, who treated the plaintiff from February to May after the accident, said in substance that complaints of pain by the plaintiff were consistent with the injuries complained of.

While there may have been some pain and discomfort for a period after January 25, when the plaintiff was discharged as cured by his own physician, we are satisfied that the discomfort must have been small and of little consequence.

The plaintiff also sought to recover for loss of earning capacity. Precisely the length of his claimed loss is not clear. The plaintiff, who had been a laborer in the woods, was not in fact employed at the time of the accident. Giving to the plaintiff every advantage of the evidence, it is plain that the plaintiff failed to show that he was unable to work for more than six weeks as a result of the accident.

The only evidence of earning power was $1.25 per hour received some years prior to the accident. Accepting this figure, the loss of wages could not have amounted to over $300. The medical and hospital expenses were $308.50.

There is no mathematical rule to measure the assessment of damages by a jury, or by a court sitting at *nisi prius,* or on appeal. Pain and suffering, however, must be translated into dollars for it is in dollars that the damages must be paid.

The jury in returning a verdict for $2,500, placed the damages for loss of earning power and pain and suffering at approximately $2,200. In our opinion $1,000 would be the highest amount that a jury could properly assess for pain and suffering. To this amount we add the other items of damage amounting to $608.50. See *Nutting* v. *Wing,* 151 Me. 435, 120 A. (2nd) 563; *Candage* v. *Belanger et al.,* 143 Me. 165, 57 A. (2nd) 145.

The entry will be

> *Motion for new trial granted unless the plaintiff shall within 30 days from filing of mandate remit all of the verdict over the amount of $1,608.50.*