**Bryan BOURGEOIS**

v.

**Ralph E. HOYT.**

Supreme Judicial Court of Maine.

March 31, 1978.

Lowry, Platt, Fitzhenry, Lunt & Givertz by Robert D. Platt (orally), Donald Grey Lowry, Portland, for plaintiff.

Robinson, Hunt & Kriger by James M. Bowie (orally), M. Roberts Hunt, Mahoney & Robinson by Dana A. Cleaves, Portland, for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD and GODFREY, JJ.

PER CURIAM.

This action sought damages suffered by the plaintiff, allegedly resulting from the negligence of the defendant. We know from answers to interrogatories that the jury had determined that both plaintiff and defendant were "guilty of negligence which was a proximate cause" of plaintiff's injuries. Additionally, the jury specifically found "the responsibility or blameworthiness of Plaintiff for the damages he sustained [was] equal to or greater [than that of the Defendant]."

Judgment was entered for the defendant. 14 M.R.S.A. § 156.

Pursuant to Rule 50(b), M.R.C.P., the plaintiff filed a motion for judgment n. o. v., which was denied, and from which ruling the instant appeal was seasonably taken.

We deny the appeal.

Plaintiff argues that, on the facts, he could be found guilty of no causal fault and, since the defendant's causal fault was conceded, the ruling on the 50(b) motion was reversible error.

We have carefully reviewed the facts which, in our view, presented a simple jury issue as to the causative fault, if any, of both plaintiff and defendant. The answer, favorable to the defendant, is dispositive of this appeal.

Where the causal fault of both parties is factually in dispute we have held

"it is the sole prerogative of the jury to determine the comparative degrees of fault of each of the parties to a negligence action."

*Lyman v. Bourque*, Me., 374 A.2d 588, 590 (1977).

The entry is:

Appeal denied.

Judgment affirmed.

DELAHANTY and NICHOLS, JJ., did not sit.