### John H. SCHIAVI

v.

### Gordon GOODWIN, Sally Goodwin and Goodwin's Dairy, Inc.

Supreme Judicial Court of Maine.

Argued March 7, 1988.

Decided June 8, 1988.

Ernest Babcock (orally), Elizabeth J. Lovejoy, Friedman & Babcock, Portland, for plaintiff.

Constance O'Neil, Arlyn Weeks (orally), Conley, Haley & O'Neil, Bath, for defendants.

Before NICHOLS,[*] ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

GLASSMAN, Justice.

The defendants, Gordon and Sally Goodwin and Goodwin's Dairy, Inc. (Goodwin), appeal from the judgment of the Superior Court, Oxford County, entered on the

[*] Nichols, J., sat at oral argument and participated in the initial conference but retired before this opinion was adopted.

jury's verdict finding that Goodwin had breached a written contract with the plaintiff, John H. Schiavi, to sell certain real estate to Schiavi. Goodwin asserts, *inter alia,* that the evidence is insufficient to support the jury's finding. We agree and vacate the judgment.

Goodwin by a written contract dated September 21, 1984 agreed to sell a South Paris restaurant, including the business, buildings and land to a third party. Schiavi became interested in the property while it was under contract and was invited by Goodwin to submit a deposit on the property. By a letter dated October 17, 1984, Schiavi forwarded a $25,000 deposit to Goodwin "as a deposit on the purchase [of the property] based on the same terms and conditions as outlined in the agreement [of September 21, 1984 between Goodwin and the third party]." The letter further stated: "If we are unable to purchase the restaurant due to my inability to complete the transaction, the enclosed deposit shall be forfeited. If the transaction is not completed due to your prior commitment, then it is understood that the check will be returned."

When the third party was unable to purchase the property, Schiavi and Goodwin agreed to close on the sale of the property to Schiavi on December 1, 1984. The property was not conveyed to Schiavi, and Goodwin retained the $25,000 deposit made by Schiavi. Schiavi brought suit seeking $25,000 in damages for the alleged breach by Goodwin of the contract between the parties, comprising the September 21 agreement and Schiavi's letter of October 17. Goodwin answered the complaint and counterclaimed seeking $35,000 in damages for the alleged breach of the contract by Schiavi.

The trial court denied Goodwin's motion for a directed verdict at the close of Schiavi's case and at the close of all the evidence. Goodwin then advised the trial court that Goodwin's counterclaim would not be pursued. On Schiavi's motion, a directed verdict was granted Schiavi on Goodwin's counterclaim. The parties then stipulated that the sole issue to be presented to the jury by a special verdict form was whether Goodwin had breached the written contract with Schiavi to sell the property to Schiavi, and if the jury returned a verdict for Schiavi, Schiavi's damages would be in the amount of $25,000. The jury found that Goodwin had breached the written contract, and a judgment was entered for Schiavi in the amount of $25,000. The trial court denied Goodwin's motion for a judgment notwithstanding the verdict or a new trial, and Goodwin appeals.

■ When reviewing the trial court's denial of a motion for a directed verdict or a judgment notwithstanding the verdict, we examine the evidence in the light most favorable to the plaintiff and determine whether any reasonable view of the evidence, including all justifiable inferences to be drawn from the evidence, can sustain the verdict. *Jacobs v. Painter,* 530 A.2d 231, 232 (Me.1987). "The burden is on the moving party to show that the adverse verdict is clearly and manifestly wrong." *Bowie v. Landry,* 150 Me. 239, 241, 108 A.2d 314, 315 (1954).

By his complaint, Schiavi claimed that Goodwin had breached the contract between the parties by refusing "to complete the closing and transfer said land, buildings, and business pursuant to said letter agreement and its incorporated purchase and sale agreement."

The contract between the parties provides, *inter alia,* that "At the closing: a. Sellers shall deliver to Buyer: (i) a good and sufficient Warranty Deed.... b. Buyer shall: (i) Deliver the balance of the purchase price...." We have previously stated that we accept "as settled doctrine that where the duties of performance are to be concurrent, such as payment by the purchaser and conveyance by the vendor, performance by one party or a tender of performance is a prerequisite in order to demand performance by the other party or to put the other party in default." *Pelletier v. Dwyer,* 334 A.2d 867, 870 (Me.1975). "The tender need not be absolute, in the sense of a delivery to the actual possession of the other party; but the tender must be such as to manifest a willingness to per-

form in compliance with the agreement, and must be accompanied by all which is reasonably necessary to apprise the other party of the tender and the overt willingness to perform." *Id.* at 871.

Our review of the record discloses that Schiavi not only failed to offer any evidence that he had tendered the remaining purchase price to Goodwin, but it was clear from a fair reading of all the evidence offered in this case that Schiavi would not pay to Goodwin the remainder of the purchase price for the contracted property unless Goodwin would agree to convey to Schiavi a right of way across and the right of first refusal for the purchase of property not included in the agreement of September 17, which Goodwin refused to do.

Because the evidence does not support the finding of the jury that Goodwin breached the written agreement between the parties to convey to Schiavi by a warranty deed the real property described in that agreement, we vacate the judgment.

The entry is:

Judgment vacated. Remanded to the Superior Court for entry of judgment in favor of the defendants, Gordon and Sally Goodwin and Goodwin's Dairy, Inc.

All concurring.