**Nelson DANIEL and Cleveland Palmer**

**v.**

**Lorraine OUELLETTE.**

Supreme Judicial Court of Maine.

Argued June 12, 1989.
Decided July 6, 1989.

Robert Laskoff, Justin W. Leary (orally), Lewiston, for Cleveland Palmer.

Nelson Daniel did not appear.

Christopher C. Taintor (orally), Norman, Hanson & Detroy, Portland, for defendant.

Before McKUSICK, C.J., and WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

GLASSMAN, Justice.

The defendant, Lorraine Ouellette, appeals from judgments of the Superior Court (Androscoggin County, *Lipez, J.*) entered on jury verdicts, after a retrial of this case, awarding damages to the plaintiffs, Nelson Daniel and Cleveland Palmer. We agree with Ouellette that the trial court erred in granting the plaintiffs' motions for a new trial following the original trial of this case and vacate the judgments against Ouellette.

This case arises out of a collision at the intersection of Main and Riverside Streets in Lewiston between an automobile operated by Palmer in which Daniel was a passenger and an automobile operated by Ouellette. Daniel filed a complaint against Palmer and Ouellette seeking damages for his injuries resulting from their alleged negligent operation of their respective automobiles. Daniel's complaint was consolidated with that of Palmer's in which Palmer was seeking damages from Ouellette arising out of the same accident. After a three-day trial, the jury found that Ouellette was not negligent and that Palmer was negligent and returned special verdicts in favor of Ouellette on the claims of both Daniel and Palmer and awarded damages in the amount of $2,135.34 to Daniel on his claim against Palmer. After a hearing, the trial court granted the plaintiffs' motions for a new trial. The case was retried, and the jury by special verdict found that 45% of the accident was caused by the negligence of Palmer and 55% by the negligence of Ouellette. The jury awarded Daniel damages in the amount of $5,000 on his claim against Palmer and Ouellette, and awarded Palmer $10,350.26 in damages on his claim against Ouellette. Judgments were entered in accordance with the verdicts, and Ouellette appeals contending that the trial court erred in granting the plaintiffs' motions for a new trial.

We stated in *Binette v. Deane*, 391 A.2d 811, 813 (Me.1978) (emphasis in original):

Upon a motion for a new trial, the movant *"must show that the jury verdict was so manifestly or clearly wrong that it is apparent that the conclusion of the jury was the result of prejudice, bias, passion, or a mistake of law or fact."* Kennebec Towage Co. v. State, 142 Me. 327, 334, 52 A.2d 166, 169 (1947). *"The verdict must stand unless there is found in the record no credible evidence to support it."* Larsen v. Lane, 156 Me. 66, 68, 158 A.2d 759, 760 (1960). Moreover, on a motion for a new trial, the evidence must be viewed in the light most favorable to the successful party.

In granting the plaintiffs' motions for a new trial, the trial court orally recited portions of the witnesses' testimony and as a basis for granting the new trial stated, "[I]n the face of that testimony, I do not see how a rational fact-finder ... could reasonably find that Lorraine Ouellette

bore absolutely no responsibility for this accident." The only witnesses that testified at the first trial were Ouellette, Daniel, Palmer and the passenger in Ouellette's car. Our review of the record discloses that there was conflicting evidence as to, *inter alia,* the road conditions at the site of the accident, the speed of Palmer's car, and the position of Ouellette's car and whether it was stopped or moving at the time of impact. The record is devoid of physical evidence that would allow exactitude in these determinations. *See Gowell v. Thompson,* 341 A.2d 381, 383 (Me.1975). The jury, not the court, determines the degree of credibility to which witnesses are entitled. *Avery v. Brown,* 288 A.2d 713, 715 (Me.1972). There is no showing that the jury disregarded the evidence presented to them or acted under some bias, prejudice or improper influence, or that the verdicts finding Ouellette free of negligence were reached as a result of compromise. The jury rationally could have concluded from the evidence before it that Palmer's failure to yield the right of way to Ouellette was the sole cause of the accident.

We have previously stated that " 'a verdict by a jury on a properly submitted issue should not be set aside even where there is strong doubt of the actual occurrence or existence of a fact found by a jury.' " *Gowell v. Thompson,* 341 A.2d at 384 (quoting *Bowie v. Landry,* 150 Me. 239, 241, 108 A.2d 314, 315 (1954)). Having in mind the limitation on the right of the trial court to substitute its judgment on the facts for that of the jury, we conclude that the trial court erred in granting the plaintiffs' motions for a new trial. We note that Palmer did not appeal from the judgment entered after the retrial. Accordingly, we affirm the judgment awarding damages to Daniel against Palmer in the amount of $2,250.

The entry is:

Judgment affirmed as to the claim of Daniel against Palmer entered on September 2, 1988 in Superior Court Civil Action Docket No. *85–351;*

Judgment vacated as to claims of Daniel and Palmer against Ouellette entered on September 2, 1988 in Superior Court Civil Action Docket Nos. 85–351 and 85–281;

Remanded to the Superior Court to vacate as to Ouellette its order granting a new trial and to reinstate the judgment in favor of Ouellette entered on November 17, 1987 in Superior Court Civil Action Docket Nos. 85–351 and 85–281.

All concurring.