**Robert E. FROST, et al.**

v.

**Richard G. DREW, et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 29, 1991.

Decided Feb. 25, 1991.

Marshall J. Tinkle, David M. Hirshon, Thompson, McNaboe, Ashley & Bull, Portland, for plaintiffs.

Jeffrey J. Clark, Ott & Clark, York, for defendants.

Before ROBERTS, WATHEN, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

ROBERTS, Justice.

Plaintiffs Robert E. and Catherine Frost appeal from a judgment of the Superior Court (York County, *Perkins, J.*) following denial of their motion requesting a judgment notwithstanding the verdict or a new trial. The Frosts' motion challenged a jury verdict for them on the liability of defendant Richard G. Drew, Inc., and against them on the liability of defendant Richard

G. Drew, personally, on the same two counts. We disagree with the Frosts that it was irrational for the jury to find a corporate defendant liable for breach of an implied warranty and for negligence in the construction and sale of a house without finding the corporation's sole shareholder, director, and officer liable. Consequently, we affirm.

On July 16, 1987, the Frosts signed a purchase and sales agreement for a nearly completed house in Cape Neddick that had been built on speculation by Richard G. Drew, Inc. As part of the $245,000 purchase price they paid, the Frosts were to have ceramic tile installed in a first floor living area. Throughout the negotiations to buy the house, the Frosts dealt exclusively with Richard G. Drew, the corporation's sole shareholder, director, and officer. Shortly after installation of the tile and after the closing on the sale of the house, the tiles began to crack. The Frosts also noticed other defects in the construction of the house, including the heating and plumbing systems. The Frosts sought damages from Drew and from the corporation for the expense of lifting and replacing the flooring and the tile on top of it, and of repairing the other defects.

■ Throughout the trial, the Frosts treated the corporation and the individual as separate entities: they named both parties as defendants in their complaint, they did not object to the trial court's jury instructions that treated the corporation's liability and Drew's individual liability separately, and they did not object to the court's use of two separate special verdict forms, one pertaining to the corporation's liability and the other pertaining to Drew's individual liability. In light of the manner in which the case was tried to the jury, the trial court did not abuse its discretion by denying the Frosts' motion.

By acceding to instructions that attempted to separate the corporation from the individual and by failing to argue that the duty owed to the Frosts by the corporation could have been no more than the duty owed to the Frosts by Drew, the Frosts cannot be said to have met their burden of demonstrating to the trial court that the jury verdict on the tort claim was " 'clearly and manifestly wrong.' " *Schiavi v. Goodwin*, 542 A.2d 367, 368 (Me.1988) (quoting *Bowie v. Landry*, 150 Me. 239, 241, 108 A.2d 314, 315 (1954)). For the same reason, the Frosts have failed to establish that they are entitled to a new trial. *See Martell Bros. Inc. v. Donbury, Inc.*, 577 A.2d 334, 337 (Me.1990).

■ Moreover, although corporate agents *may* be subject to personal liability on a contract for failing to disclose that they are acting for corporate principals, they need not *necessarily* be subject to liability:

> [W]here representative capacity ought reasonably to be deduced, it is unnecessary for an agent to state that he personally is not pledging his credit. Actual knowledge brought by the agent, or, what is the same thing, that which to a reasonable man is equivalent to knowledge, is the criterion of the law.

*F.R. Conant Co. v. Lavin*, 124 Me. 437, 439, 126 A. 647, 648 (1924); *see also Wimmer v. Down East Properties, Inc.*, 406 A.2d 88, 90 n. 1 (Me.1979) (finding a corporate officer personally liable on a purchase and sales agreement because both parties acted as if the officer was liable on the contract). Here, although Drew never told the Frosts that he was acting as an agent of the corporation, he gave the Frosts his business card that indicated his corporate status when he met them. The purchase and sales agreement recited that the agreement was between the Frosts and the corporation and included a provision allowing the Frosts to examine and verify the deed conveying title to the property to the corporation. Drew disclosed the corporation's ownership of the property and gave the deed to the listing broker. Finally, Drew testified that it was common practice for a broker to give the seller's deed to the prospective buyer. The jury would have been justified in finding that the Frosts knew or should have known that Drew was selling the house on behalf of the corporation and that he did not intend to incur personal liability for the transaction.

**1244**

The entry is:

Judgment affirmed.

All concurring.