Phyllis BATES

v.

Robert ANDERSON d/b/a F.A.
Peabody Company.

Supreme Judicial Court of Maine.

Argued Sept. 11, 1992.
Decided Oct. 5, 1992.

Steven J. Mogul (orally), Gross, Minsky, Mogul & Singal, Bangor, for plaintiff.

John B. Lucy (orally), Richardson & Troubh, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

GLASSMAN, Justice.

The plaintiff, Phyllis Bates, appeals, and the defendant, Robert Anderson d/b/a F.A. Peabody Company (Peabody), cross-appeals from a judgment for Peabody entered in the Superior Court (Aroostook County, *Pierson, J.*) notwithstanding a jury verdict in favor of Bates on her complaint against Peabody. We agree with Bates that the evidence in this case is sufficient to support the jury's verdict that Peabody had breached its contract with Bates to secure flood insurance on her home, and we vacate the judgment. Accordingly, we need not address Bates's further contention that the evidence in this case supports the jury's verdict that Peabody negligently failed to explain to her the requirements necessary for her to secure flood insurance on her home. Nor do we need to address Peabody's contention that the trial court erred in denying its motion for a new trial based on the ground that the court erred in its instructions to the jury relating to Bates's claim of Peabody's negligence.

Although there was conflicting testimony, on the evidence submitted to it the jury rationally could find the following facts: On the recommendation of the seller from whom she had purchased a home in Wytopitlock that she secure both flood and homeowner's insurance on the property, Bates and her husband visited the office of Peabody, a general insurance agent, where she spoke to Peabody employee Lois Haggerty concerning such insurance. At the time of this interview, and on behalf of Bates, Haggerty filled out the separate application forms for flood insurance and homeowner's insurance, noting on the application forms that Bates would be billed for the premium. Haggerty did not inform Bates that flood insurance could be secured only from the federally-established National Flood Insurance Program and that, unlike an application for homeowner's insurance, the application is not signed by the homeowner but must be signed by a licensed insurance agent and must be accompanied by the prepayment of the premium. Nor did Haggerty inform Bates that Hag-

gerty was not a licensed agent. Bates and her husband left the Peabody office with the understanding that Bates's property was covered by both flood and homeowner's insurance and in due course Bates would receive a policy evidencing such coverage and a bill for the requisite premium.

Some time later, Peabody sent Bates a "Homeowners Policy" issued by Merrimack Mutual Fire Insurance Company, together with a bill for the premium. Bates paid the required premium but did not read the policy. Thereafter the Bates home was damaged by the flooding of the Mattawamkeag River. After Bates contacted Peabody and was advised that no flood insurance on the property had been secured, she filed a complaint against Peabody seeking damages, *inter alia,* for the alleged breach of its contract with her to secure flood insurance on her home and the negligent failure to explain to her the requirements necessary for Bates to secure flood insurance.

At the trial of this case, Peabody's timely motion for a directed verdict was taken under advisement by the court, and the case was submitted to the jury.[1] By a special verdict form, the jury found for Bates on both her breach of contract and negligence claims. The court denied Peabody's motion for a new trial but granted its motion for a judgment notwithstanding the verdict. From a judgment entered in favor of Peabody both parties appeal.

We review a judgment notwithstanding the verdict to determine if any reasonable view of the evidence and those inferences that are justifiably drawn from that evidence supports the jury verdict. *Schiavi v. Goodwin,* 542 A.2d 367, 368 (Me.1988). The existence of a contract is a question of fact to be determined by the jury. *Agway, Inc. v. Ernst,* 394 A.2d 774, 777 (Me.1978). The law is well established that a legally binding agreement must have the mutual assent of the parties, either expressly or impliedly, to be bound by all its material terms and must be sufficiently definite to enable the court to determine its exact meaning and fix exactly the legal liability of the parties. *Roy v. Danis,* 553 A.2d 663, 664 (Me.1989). Here, on the evidence submitted to it the jury rationally could find that it was agreed between Peabody and Bates that Peabody would secure flood insurance coverage for Bates's home and that Bates, on receipt of a bill from Peabody, would pay the required premium for such insurance and further that Peabody's failure to secure that insurance was a breach of the parties' agreement.

The entry is:

Judgment vacated. Remanded to the Superior Court for entry of a judgment on the verdict.

All concurring.

---

1. We note with approval the court's determination to take under advisement Peabody's motion for a directed verdict in its favor pending the jury's verdict. We have previously stated that to avoid the possibility of a second trial and its attendant expense to the litigants as well as the commitment of judicial time, directed verdicts are to be "granted sparingly, as the exception rather than the rule." *Poirier v. Hayes,* 466 A.2d 1261, 1264 (Me.1983).