STATE OF MAINE
ANDROSCOGGIN, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-12-171
MGK · AND· 2/13, 2013

LEWISTON DAILY SUN,
    Plaintiff

ORDER ON DEFENDANT
ANDERSON'S MOTION
TO DISMISS

v.

VILLAGE NETMEDIA, INC.,
d/b/a VILLAGE SOUP.COM and/or
VILLAGE SOUP MEDIA, and
RICHARD M. ANDERSON
    Defendant

Before the Court is Defendant Richard M. Anderson's motion to dismiss all counts of the complaint filed by Plaintiff Lewiston Daily Sun against him individually.

**Background**

Plaintiff Lewiston Daily Sun is a Lewiston company that provides printing services for published weeklies. Defendant Village NetMedia, Inc. d/b/a Village Soup.com and/or Village Soup Media (Village NetMedia) is an Illinois corporation doing business in Rockland, Maine. Village NetMedia produces weekly publications known as "the Village Soup" or other similar titles. Defendant Richard M. Anderson (Mr. Anderson) is an individual residing in Rockland, and, upon information and belief, the sole or majority shareholder/owner of Village NetMedia.

During various periods throughout 2003-2011, Plaintiff provided printing services for the Defendants' publications. Upon receiving a purchase order request, Plaintiff provided printing services and billed Defendants for the services. As of April 19, 2012, the amount owing to Plaintiff was $77,068.04, according to an account summary attached to the complaint as Exhibit A. Despite repeated demands, the Defendants refused and continue to refuse to pay Plaintiff the funds owed for printing services.

The complaint alleges that Mr. Anderson would often pay out of his own funds. It also alleges that Mr. Anderson "typically gave assurances to [Plaintiff] that it would be paid for the printing services." As the account became increasingly overdue, Mr.

1

Anderson purportedly stated to Plaintiff, "don't worry . . . you will get paid." Thus, the complaint alleges that Mr. Anderson gave Plaintiff an "oral guarantee" that it would be paid for the printing services.

Plaintiff filed suit on November 6, 2012. Count I of the complaint alleges breach of contract against Village NetMedia and Mr. Anderson collectively. Count II alleges unjust enrichment against Village NetMedia and Mr. Anderson collectively. Count III alleges quantum meruit against Village NetMedia and Mr. Anderson collectively. Finally, Count IV alleges "breach of an oral guaranty" against Mr. Anderson individually.

On December 3, 2012, Mr. Anderson individually filed a motion to dismiss pursuant to Maine Rule of Civil Procedure 12(b)(6).

## Discussion

A motion to dismiss tests the legal sufficiency of the complaint. *In re Wage Payment Litigation*, 2000 ME 162, ¶ 3, 759 A.2d 217. Under Rule 12(b)(6), dismissal is proper when the complaint fails to state a claim for which relief may be granted. *Id.* At this early juncture, the court must deem all the facts in the complaint to be admitted and "determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Id.*

I.  *Count I (breach of contract), Count II (unjust enrichment), & Count III (quantum meruit)*

According to Mr. Anderson, "the allegations in the Complaint are wholly inadequate to support the existence of a contract between [Plaintiff] and Mr. Anderson." Mr. Anderson argues that by grouping him with "the Defendants," it is "impossible to determine the threshold issue of identifying the parties to the purported contract."

Maine is a notice pleading state, which requires only that a complaint give "fair notice of the cause of action . . . by providing a short and plain statement of the claim showing that the pleader is entitled to relief." *Burns v. Architectural Doors & Windows*, 2011 ME 61, ¶ 16, 19 A.3d 823; M.R. Civ. P. 8(a)(1). The complaint must explain the "essence of the claim" and provide facts sufficient, if proven, to demonstrate that the plaintiff has been injured in a manner that entitles him or her to relief. *Id.* ¶ 17. For purposes of a motion to dismiss, a complaint is sufficient unless "it appears to a

2

certainty the plaintiff is entitled to no relief under any set of facts he might prove in support of his claim." *Richards v. Soucy*, 610 A.2d 268, 270 (Me. 1992).

Nothing in this standard prevents a plaintiff from grouping defendants together and pleading facts and liability as to both. Read plainly, the complaint alleges that Village NetMedia *and/or*[1] Mr. Anderson were involved in the facts giving rise to the breach of contract, unjust enrichment, and quantum meruit claims. Assuming one defendant must be liable to the exclusion of the other, that factual distinction may be developed through discovery.

In the event Plaintiff means to argue that Mr. Anderson cannot be liable under contract or tort theory because he was an agent of the company, and, thus, is shielded from liability,[2] dismissal is likewise improper. In the business context, "a person making or purporting to make a contract with another as agent for a disclosed principal does not become a party to the contract." *Fitzgerald v. Hutchins*, 2009 ME 115, ¶ 11, 983 A.2d 382. *See also Frost v. Drew*, 586 A.2d 1242, 1243 (Me. 1991). However, an individual party *will* be liable as a party to the contract if he or she acts for "an undisclosed or unidentified principal." *Fitzgerald*, 2009 ME 115, ¶ 11 n.4, 983 A.2d 382. Put differently, if Mr. Anderson outwardly contracted on behalf of Village NetMedia, he will likely not face personal liability. However, if he acted individually and did not disclose his agency relationship with Village NetMedia, the opposite is true. By grouping both defendants together in the complaint, the Plaintiff has sufficiently pled both possibilities.

As to the unjust enrichment and quantum meruit claims, similar principles of notice pleading and agency preclude dismissal at this early stage.

II.     *Count IV (breach of oral guaranty)*

---

[1] Plaintiff could have asserted the relevant facts and causes of action against Village NetMedia, and then asserted the same facts and causes of action against Mr. Anderson separately and in the alternative. M.R. Civ. P. 8(e)(2). The Court sees no reason why they cannot be grouped to achieve the same purpose.

[2] "One of the principal benefits offered by the corporate form of organization is limited liability for shareholders." *LaBelle v. Crepeau*, 593 A.2d 653, 655 (Me. 1991).

Mr. Anderson argues that the statute of frauds bars Plaintiff's claim for breach of an oral guarantee.[3] However, the real issue, which the parties seemed to recognize at oral argument, is not whether the statute of frauds and any exception apply, but whether the complaint states a claim for the existence of an oral guarantee as an initial matter. Guarantee is defined as, "a promise to answer for the debt, default, or miscarriage of another person, provided such person does not respond by payment or performance." BALLENTINE'S LAW DICTIONARY (Lexis ed. 2010).

Here, the complaint does not contain facts supporting the existence of any such guarantee to begin with. The complaint alleges that Mr. Anderson typically gave general assurances that Plaintiff would be paid for the printing services, and stated specifically on one occasion, "don't worry . . . you will get paid." Plaintiff does not allege that Mr. Anderson promised to personally pay the debt upon Village NetMedia's failure to do so. The statement "you will get paid" contains no suggestion that Mr. Anderson himself would pay the debt.

The entry will be:

The Court DENIES the motion to dismiss as to Counts I-III and GRANTS the motion as to Count IV.

---

[3] The statute of frauds provides that to recover for any "promise to answer for the debt, default or misdoings of another" (i.e., a guarantee), the agreement must be in writing and signed by the person against whom recovery is sought. 33 M.R.S.A. § 51(2). The traditional statute of frauds requirements are subject to a significant exception in cases when "the promisor's main purpose in making his promise is to secure some benefit for himself." *Graybar Elec. Co., Inc. v. Sawyer*, 485 A.2d 1384, 1389 (Me. 1985). The expected benefit to the promisor must be "substantial, immediate, and pecuniary, though it may flow to the promisor through benefit to the principal obligor." *Id.* at 1390. The Law Court held that there was a genuine issue of material fact as to the "main purpose" exception, thus barring summary judgment, in a case where defendant was the primary stakeholder of a company and may have personally promised to pay plaintiff a commission for selling certain property. *Fitzgerald v. Hutchins*, 2009 ME 115, ¶ 23, 983 A.2d 382. The Court reasoned that, as the primary stakeholder of the company, the defendant "stands to earn a substantial and immediate pecuniary gain from the sale." *Id.* Thus, in the event the Court did conclude that the complaint pleads facts sufficient to support the existence and breach of a guarantee, then the complaint likely also contains facts sufficient to invoke the "main purpose" exception to the statute of frauds. The Court does not reach that point.

4

2/13/13

DATE

SUPERIOR COURT JUSTICE

5

Attorney for: LEWISTON DAILY SUN
JAMES E BELLEAU  - RETAINED
SKELTON TAINTOR & ABBOTT
95 MAIN STREET
AUBURN ME 04210

vs
VILLAGE NETMEDIA INC - DEFENDANT
RICHARD M ANDERSON  - DEFENDANT

Attorney for: RICHARD M ANDERSON
MICHAEL A FAGONE  - RETAINED 12/03/2012
BERNSTEIN SHUR SAWYER & NELSON
100 MIDDLE ST
PO BOX 9729
PORTLAND ME 04104-5029

Attorney for: RICHARD M ANDERSON
HALLIDAY MONCURE  - RETAINED 12/03/2012
BERNSTEIN SHUR SAWYER & NELSON
100 MIDDLE ST
PO BOX 9729
PORTLAND ME 04104-5029

Filing Document: COMPLAINT                    Minor Case Type: CONTRACT
Filing Date: 11/06/2012

## Docket Events:

11/06/2012 FILING DOCUMENT - COMPLAINT FILED ON 11/06/2012

11/06/2012 Party(s):  LEWISTON DAILY SUN
           ATTORNEY - RETAINED ENTERED ON 11/06/2012
           Plaintiff's Attorney: JAMES E BELLEAU

11/06/2012 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 11/06/2012

11/21/2012 Party(s):  LEWISTON DAILY SUN
           SUPPLEMENTAL FILING - AMENDED COMPLAINT FILED ON 11/21/2012

11/26/2012 Party(s):  RICHARD M ANDERSON
           SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 11/09/2012
           RICHARD ANDERSON

11/26/2012 Party(s):  RICHARD M ANDERSON
           SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 11/26/2012

11/26/2012 Party(s):  VILLAGE NETMEDIA INC
           SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 11/09/2012
           RICHARD ANDERSON OBO VILLAGE NETMEDIA INC

11/26/2012 Party(s):  VILLAGE NETMEDIA INC
           SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 11/26/2012