MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:      2015 ME 142
Docket:        Yor-15-118
Argued:        October 8, 2015
Decided:       November 10, 2015

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and
               HUMPHREY, JJ.

ESTATE OF PAUL J. GAGNON et al.

v.

KEITH ANTHONY

HUMPHREY, J.

[¶1]  The Estate of Paul J. Gagnon[1] appeals from a judgment of the Superior

Court (York County, *Fritzsche, J.*) entered upon a jury's verdict in favor of Keith

Anthony on the Estate's negligence claim.  The Estate argues that (1) there was

insufficient evidence to support the jury's finding that Gagnon was at least as

negligent as Anthony and (2) the court erred by denying the Estate's motion for a

new trial.  We affirm the judgment and the denial of the motion for a new trial.

## I.  BACKGROUND

[¶2]  On May 2, 2011, around 2:30 in the afternoon, Keith Anthony asked

his neighbor, Paul Gagnon, to help fell a rotted tree at Anthony's residence in

---

[1]  Deborah Gagnon, the widow of Paul Gagnon, also appeals from the judgment in this case resulting from the jury's verdict in favor of Anthony on her claim for loss of consortium.  Because her claim is dependent upon the outcome of the Estate's negligence claim, the appellants are collectively referred to as the Estate throughout this decision.

2

Shapleigh. Both men were experienced woodcutters. The tree to be felled was approximately thirty inches in diameter with a large limb growing out of it. Gagnon used a chainsaw to make a wedge cut in the tree below the limb while Anthony used the bucket of his Bobcat skid-steer loader to push the limb away from the house and a nearby sapling.

[¶3] As they performed their respective tasks, the tree "exploded" and the limb fell on Gagnon, knocking him unconscious, pinning him to the ground, and causing him to sustain several injuries.[2] Two years later, Gagnon filed a complaint against Anthony alleging that Anthony failed to warn him about the possibility that the limb could snap because of the rotted condition of the tree, and also alleging that Anthony was negligent in his operation of the Bobcat. In his answer to the complaint, Anthony raised an affirmative defense of comparative negligence. *See* 14 M.R.S. § 156 (2014).

[¶4] Following a two-day trial in January 2015, the jury found that both Anthony and Gagnon were negligent and that Gagnon was at least as negligent as Anthony in causing his own injuries. The Estate's motion for a new trial was denied, and this appeal followed.

---

[2] Paul Gagnon died from an unrelated illness in August 2013, and his Estate was substituted as the plaintiff.

## II.  DISCUSSION

[¶5]  The Estate's challenges to the jury's finding of comparative negligence and the court's denial of the motion for a new trial are both based upon the sufficiency of the evidence in the record.  Accordingly, we consider them together. However, our standard of review is different as to each challenge.

[¶6]  First, as to the jury's finding that Gagnon was at least as negligent as Anthony, it is important to note that Anthony, not the Estate, had the burden of proof at trial on the challenged issue of comparative negligence.  Because the Estate did not have the burden at trial on this issue, its claim of insufficient evidence to support the jury's finding is examined under a clear error standard of review.  *See State v. Price-Rite Fuel, Inc.*, 2011 ME 76, ¶ 18, 24 A.3d 81.[3]  "We will uphold a jury verdict if, when viewed in the light most favorable to the prevailing party, there is any credible evidence in the record to support the verdict."  *Advanced Constr. Corp. v. Pilecki*, 2006 ME 84, ¶ 22, 901 A.2d 189 (quotation marks omitted).

[¶7]  Second, as to the court's denial of the motion for a new trial, "we review a denial of a motion for a new trial for a 'clear and manifest abuse of

---

[3] The standard is different when the party *with* the burden of proof on an issue challenges the sufficiency of the evidence that led to an adverse finding, as with the Estate's contention that Anthony was negligent.  In that situation, the party must demonstrate that the evidence compelled the contrary result.  *St. Louis v. Wilkinson Law Offices, P.C.*, 2012 ME 116, ¶ 16, 55 A.3d 443.

4

discretion.'" *Seabury-Peterson v. Jhamb*, 2011 ME 35, ¶ 14, 15 A.3d 746. The Estate, as the movant, "must show that the jury verdict was so manifestly or clearly wrong that it is apparent that the conclusion of the jury was the result of prejudice, bias, passion, or a mistake of law or fact." *Daniel v. Ouellette*, 560 A.2d 566, 567 (Me. 1989) (emphasis omitted) (quotation marks omitted).

[¶8]  It is clear from the record that neither man expected the tree to "explode" as it had. In a recorded statement that was admitted in evidence, Gagnon explained that the tree "broke way too soon, it should have never broke at that point." In his statement, Gagnon placed no blame on Anthony, stating that he did not believe that Anthony was doing anything with the skid-steer that contributed to the tree breaking or falling too soon. Anthony corroborated the accidental nature of the event, testifying that the tree "just dropped suddenly without warning or anything."

[¶9]  The jury learned that both Gagnon and Anthony had substantial experience cutting trees and working in the woods, and both were aware of the rotted condition of the tree they were working on. It would not be unreasonable to infer from this circumstance that both men knew, or should have known, the risks associated with cutting the rotted tree, and both should have known that the plan to use the Bobcat to fell that tree was ill advised.

[¶10]  Based on the evidence presented at trial, a reasonable jury, therefore, could have found, that (1) Anthony was negligent in his operation of the Bobcat; (2) either Anthony or Gagnon or both were negligent because the dangerousness of the method they undertook to fell the rotted tree should have been obvious to each; or (3) neither of them was negligent, and the limb falling onto Gagnon was simply an unexpected accident.  Where the causal fault of both parties is in dispute, we have stated that, "'it is the sole prerogative of the jury to determine the comparative degrees of fault of each of the parties to a negligence action.'" *Bourgeois v. Hoyt*, 383 A.2d 1095, 1095 (Me. 1978) (per curiam) (quoting *Lyman v. Bourque*, 374 A.2d 588, 590 (Me. 1977)); *see also Minott v. F.W. Cunningham & Sons*, 413 A.2d 1325, 1332 (Me. 1980).

[¶11]  The jury was instructed that it could find that there was a condition related to the tree that created a risk of injury; that Anthony had a duty to warn or take reasonable action; and that Gagnon had a duty to take reasonable care for his own safety.  The jury returned a special verdict form finding that both Anthony and Gagnon were negligent, but the causative fault of Gagnon was at least equal to or greater than the fault of Anthony in causing his injuries.

[¶12]  Although the trial court record did contain evidence that Anthony accepted some responsibility for Gagnon's injuries, and although a licensed Maine arborist testified that pushing a tree with a skid-steer is "not the proper way to do

it," there was sufficient credible evidence in the record to support the jury's finding that Gagnon was at least as negligent as Anthony, and we conclude that the court did not abuse its discretion in denying the Estate's motion for a new trial.

The entry is:

Judgment affirmed.

---

**On the briefs and at oral argument:**

Arthur H. Dumas, Esq., Arthur H. Dumas, PA, Sanford, for appellants Estate of Paul J. Gagnon et al.

Kenneth D. Pierce, Esq., Monaghan Leahy, LLP, Portland for appellee Keith Anthony

York County Superior Court docket number CV-2013-192
FOR CLERK REFERENCE ONLY